IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
FEDERAL TORT CLAIMS ACT §§ 2671-80 AND U.S.C. 42 § 1983
UNITED STATES OF AMERICA
B.O.P. Cimarron Correctional Facility (U.S.M.S.)
Cushing, Oklahoma

```
Orin Kristich                            )  CIV-23-544-SLP
    Plaintiff,                           )
                                         )  Claim/Case No.
    v.                                   )
                                         )  Tort Claim
United States of America,                )  The Ending Qualified
Bureau of Prisons,                       )  Immunity Act
Warden Dickerson (C.C.A./C.C.F.)         )  The Stripping Doctrine
Dr. Crain, (C.C.A./C.C.F.)               )  FEDERAL TORT CLAIMS ACT §§ 2671-80
Nurse Casady (C.C.A./C.C.F.)             )  U.S.C. 42 § 1983
Nurse Foster (C.C.A./C.C.F.)             )
U.S.M.S. (District of Oklahoma)          )
    Defendants.                          )  TRIAL REQUEST
```

**FILED**
JUN 20 2023
CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT. WESTERN DIST. OKLA.
BY_____, DEPUTY

This action, and relief is being sought under the Federal Tort Claims Act; the Ending Qualified Immunity Act; and the Stripping Doctrine: U.S.C. 42 § 1983.

Mr. Kristich has exhausted all "available" administrative remedies that were available to him under Section 1997e(a) and the PLRA.

When Mr. Kristich was sent to U.S.P.T.; he left an address for the above Defendants to respond to the administrative remedies that were available to him. Moreover, Mr. Kristich sent a letter to the above Facility's Warden on January, 25th, 2022, telling him that Mr. Kristich was at U.S.P.T. waiting for the Defendants to respond to his injury claim, filed through the administrative remedy process. The above stated Defendants were acting outside of their official role; while acting under color of law.

(1) The above named Defendants deprived Mr. Kristich of his right to seek medical treatment, after being made aware of and being told about his medical emergency. [This right is found in the Defendant's Handbook] This is Mr. Kristich's right under the Eighth Amendment of the United States Constitution. [D/O Overton and D/O Jauregi were witnesses]. In <u>Estella v. Gamble,</u> supra; the Supreme Court has held "that deliberate indifference to an inmate's medical needs is cruel and unusual punishment rested on the fact, recognized by common law and state legislatures, that "an inmate" must rely on prison authorities to treat his medical needs, if the authorities fail to do so those needs will not be met." 429 U.S., at 103. Moreover, in Estella, the Supreme Court held "that the denial of medical care is cruel and unusual because, in the worst case it can result in physical torture, and in less serious cases, it can result in pain without any penological purpose." 429 U.S., at 103.

2) The above named Defendants deprived Mr. Kristich of his right to access medical care. [This right is found in the Defendant's Handbook]. This is Mr. Kristich's right under the Eighth Amendment of the United States Constitution. [After being told about his medical emergency].

3) Mr. Kristich was locked in a cell in Unit F.C. for over 24 hours after his injury. [For about 15 hours there were no officers making well-fair checks; they did not even serve food on December 25, 2021, because of the lack of well-fair checks on

December 25, 2021.

4) Mr. Kristich is respectfully requesting relief in the form of monetary damages in this case for the following reason;

a) Deprivation of Rights; when the Defendants were acting under color of law. ($50,000 per Defendant).

b) Lack of medical treatment; leading to life-long pain and suffering; and lack of medical care after a medical emergency (injury), 30 hours of extreme pain and suffering with no response from the medical staff, nerve and muscle damage due to lack of medical treatment and lack of medical care. ($1,000,000 per Defendant).

c) Abuse and neglect of a prisoner; by not responding to a medical emergency (after being told multiple times by Officer Overton), leading to extreme pain and suffering for about 30 hours (on December 25, 2021 4am Christmas Day, and lasting until about 3pm on December 26, 2021, when Mr. Kristich's injury was finally treated at the hospital). Moreover, this was the second hospital Mr. Kristich was taken to. ($100,000 per Defendant).

d) Medical malpractice leading to long-term nerve damage and muscle damage (an injury because of lack of treatment to Mr. Kristich's dislocated shoulder). Life-long injury due to the above Defendants actions while acting outside their official role, while acting under color of law. ($100,000 per Defendant)(life-long pain and suffering).

e) For a total of $6,950,000 U.S. Dollars.

f) Under the mailbox rule, this document is deemed filed as soon

as it is placed with institution staff to be sent to the court and or respondents to the above stated claim.

Respectfully submitted on this 14 day of June, 2023, I hereby declare that the foregoing is true and correct under 28 U.S.C. § 1746 and 18 U.S.C. § 1001.

_____
Orin Kristich