# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ORIN KRISTICH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-23-544-R |
| ) | |
| UNITED STATES OF AMERICA et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS*

Plaintiff, a prisoner appearing *pro se*, has filed Applications for Leave to Proceed *In Forma Pauperis* and supporting affidavit (Motions), **(ECF Nos. 2 and 8)**, in conformance with 28 U.S.C. § 1915(a), as amended by the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996). Plaintiff's Motion is lacking the required ledger detailing monthly deposits and balances. However, an attached sheet indicates 6-month deposits totaling $1,069.12, a national 6-month average daily balance of $255.84 and account balances totaling $1,111.08. The Court finds this information sufficient to calculate a required initial partial payment pursuant to 28 U.S.C. § 1915(b)(1). Therefore, having reviewed the Motions, the Court finds Plaintiff is entitled to proceed without prepayment of the full filing fee, and his Motion is **GRANTED**. However, pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff shall be required to pay the full $350.00 filing fee[1] as set forth hereafter.

---

[1] The total filing fee, if not granted leave to proceed in forma pauperis, is $402.00, which reflects the statutory fee of $350.00. See 28 U.S.C. § 1914(a). In addition, an administrative fee of $52.00 must be paid. *See Judicial Conf. Sched. of Fees, Dist. Ct. Misc. Fee Sched.* ¶ 14.

**IT IS HEREBY ORDERED** that on or before **August 14, 2023**, Plaintiff pay an initial partial filing fee of **$51.17**, which represents twenty percent (20%) of the greater of the (1) average monthly deposits, or (2) average monthly[2] balance in Plaintiff's prison accounts for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b). Plaintiff is advised that unless by the date specified above he has either (1) paid the initial partial filing fee, or (2) shown cause in writing for the failure to pay, this action will be subject to dismissal without prejudice to re-filing. Moreover, Plaintiff may voluntarily dismiss this action in accordance with Fed. R. Civ. P. 41(a) on or before **August 14, 2023,** without incurring any fees or costs.

**IT IS FURTHER ORDERED** that after payment of the initial partial filing fee, Plaintiff shall make monthly payments of twenty percent (20%) of the preceding month's income credited to his prison account(s) until he has paid the total filing fee of $350.00. 28 U.S.C. § 1915(b)(2). This Court will enter an order directing the agency having custody of Plaintiff to collect and forward such monthly payments to the Clerk of the Court until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2). Interference by Plaintiff in the submission of these funds shall result in the dismissal of this action.

Plaintiff is advised that notwithstanding any filing fee, or any portion thereof, that may have been paid, the Court shall dismiss at any time all or any part of such complaint which (1) is frivolous or malicious; (2) fails to state a claim on which relief can be granted;

---

[2] Plaintiff's statement of accounts only provides a national 6-month average daily balance of $255.84. Despite Plaintiff having sufficient funds to pay the full filing fee of $350.00, the Court, in accordance with 28 U.S.C. § 1915(b)(1) has calculated 20% utilizing the 6-month average daily balance. *See* ECF No. 8-1:1-2. The calculation of an initial partial payment does not prevent the Plaintiff from instead submitting the full $350.00 filing fee.

or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; 1915(e). Plaintiff is further advised that such monthly payments will continue to be collected until full payment of the filing fee has been received by the Court even after disposition of the case and regardless of whether relief is granted or denied. Plaintiff's Motion for Extension of Time to Cure Deficiencies **(ECF No. 9)** is **TERMINATED** as **MOOT**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall not issue process until further order of the Court.

**IT IS SO ORDERED** on July 28, 2023.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE