IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| ORIN KRISTICH, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CIV-23-544-R |
| UNITED STATES OF AMERICA et al., | ) ) ) | |
| Defendants. | ) | |

## ORDER

The Court is in receipt of the documents Plaintiff has tendered in the above referenced case. Plaintiff has been granted leave to proceed *in forma pauperis* and has paid the required full $350.00. *See* ECF Nos. 10 & 11. Plaintiff brings this action alleging violations of his civil rights under 42 U.S.C. § 1983 and for relief "under the Federal Tort Claims Act; the Ending Qualified Immunity Act and the Stripping Doctrine." The matter has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b)(1).

Plaintiff's initial filing is not on the Court's approved form and does not satisfy the pleading requirements. Accordingly, the Court now requires Mr. Kristich to file a separate first amended complaint, utilizing the Court's approved form. The first amended complaint shall be in the form of one document, which will supersede and effectively vacate the original complaint and any supplements or amendments. The first amended complaint must be in the form of one document, which will supersede and effectively vacate the original complaint.

Federal Rule of Civil Procedure 8 serves the important function of enabling the court and the defendants to know what claims are being asserted and to determine how to respond to those claims. More specifically, Fed. R. Civ. P. 8(a) governs the general rules of pleading:

> (a) Claim for Relief. A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief

**Plaintiff shall file a new, entirely complete first amended complaint**, including all the allegations that he wishes to raise. The first amended complaint must be in the form of one document, which will supersede and effectively vacate the original Complaint. The first amended complaint must contain all of Plaintiff's allegations, and name all defendants, the capacity in which they are sued, information regarding his claims, and the relief he seeks. Plaintiff cannot simply refer to other pleadings, letters, or documents he has previously filed in this case or any other case to identify the claims or parties; any first amended complaint must stand on its own. Further, the first amended complaint must be on the same **complaint form** as is normally required by the Court, except that it should be titled as the "First Amended Complaint." Finally, if the first amended complaint contains multiple Defendants, "it is particularly important … that the

[First Amended] complaint make clear exactly *who* is alleged to have done *what* to *whom*, and to provide each individual with fair notice as to the basis of the claims against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (emphasis in original).

Because he is submitting hand-written pleadings, Plaintiff's FIRST AMENDED COMPLAINT may include additional pages, that must be single-spaced on standard size paper (8 ½ x 11 inches). Plaintiff must write on one side of the paper only. The court will not consider any pages filed in excess of 25. Plaintiff's deadline for filing his FIRST AMENDED COMPLAINT is **September 5, 2023.**

Further, following entry of Plaintiff's first amended complaint if any, Plaintiff shall refrain from filing documents adding claims and defendants without first seeking authorization and receiving approval from the Court.

**THE CLERK OF COURT IS DIRECTED TO FORWARD TO THE PLAINTIFF THE NECESSARY FORMS TO ENABLE HIM TO COMPLY WITH THIS ORDER.**

**IT IS SO ORDERED** on August 17, 2023.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE