IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ORIN KRISTICH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-23-544-R |
| | ) |
| FNU Casady, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Plaintiff Orin Kristich, a federal prisoner proceeding *pro se* and *in forma pauperis*, initiated this civil rights actions under 42 U.S.C § 1983 and *Bivens* alleging that his constitutional rights were violated while he was incarcerated at Cimarron Correctional Facility and while in the custody of the Bureau of Prisons. The matter was referred to United State Magistrate Judge Shon T. Erwin for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C). Judge Erwin issued a Report and Recommendation [Doc. No. 20] recommending that the federal claims asserted in Plaintiff's Amended Complaint [Doc. No. 18] be dismissed upon screening and that the Court decline to exercise supplemental jurisdiction over the state law claims. Plaintiff filed a timely Objection [Doc. No. 29] and the Court must therefore make a de novo determination of those portions of the Report to which a specific objection is made. 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b)(3).

Plaintiff's Amended Complaint alleges that his Eighth Amendment right to adequate medical treatment was violated when medical staff at the Cimarron Correctional

Facility failed to treat his dislocated shoulder for approximately thirty hours. The Amended Complaint further alleges that prison officials harassed and retaliated against him by placing him in segregated housing on false charges, stripping him of program hours, interfering with his legal mail, and filing false program reviews. As defendants, Plaintiff has named specific employees of the Cimarron Correctional Facility and employees of the Bureau of Prisons in both their official and individual capacities. The Cimarron Correctional Facility is a private prison operated by CoreCivic.[1]

Judge Erwin recommends the official capacity claims against the BOP employees be dismissed because the doctrine of sovereign immunity precludes a *Bivens* action against the United States. *See Watson v. Hollingsworth,* 741 F. App'x 545, 550 (10th Cir. 2018). Judge Erwin also recommends the official capacity claims against the Cimarron Correctional Facility employees be dismissed because, as employees of a private prison, they are not state actors and therefore do not have an official capacity. *See Jones v. Barry*, 33 F. App'x 967, 972 n. 5 (10th Cir. 2002). Plaintiff's objection presents no persuasive argument or authority that would cause this Court to reject Judge Erwin's conclusions on these points. Further, despite Plaintiff's assertion to the contrary, the Amended Complaint, even liberally construed, does not appear to seek any form of injunctive relief.

Judge Erwin next recommends the individual capacity claims against the BOP employees be dismissed for failure to state a claim. To make out a viable § 1983 or *Bivens* claim, "it is incumbent upon a plaintiff to identify *specific* actions taken by *particular*

---

[1] *See* https://www.corecivic.com/facilities/cimarron-facility .

defendants" to show their personal involvement in the alleged constitutional violation. *Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013) (quotation omitted, emphasis in *Pahls*); *see also Robbins v. Oklahoma,* 519 F.3d 1242, 1250 (10th Cir. 2008) ("Therefore it is particularly important in such circumstances that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state."). The Amended Complaint does not identify any specific actions taken by any particular BOP Defendants or include sufficient factual content to plausibly infer that any of the BOP Defendants personally participated in the conduct comprising Plaintiff's claims. Thus, the Court finds that Plaintiff's allegations regarding the BOP employees are too conclusory to state a plausible claim.

    Last, Judge Erwin recommends that the claims against the Cimarron Correctional Facility employees be dismissed for failure to state a claim. The Court finds that these claims should be dismissed because Plaintiff has no cause of action under 42 U.S.C. § 1983 or *Bivens* against these particular defendants. "Section 1983 only allows suit against individual defendants who are acting under color of state law and does not apply to individuals acting as agents of the federal government." *Lopez v. Vladimir*, No. CIV-20-255-SLP, 2020 WL 8671937, at *3 (W.D. Okla. Nov. 18, 2020), report and recommendation adopted, No. CIV-20-255-SLP, 2021 WL 741783 (W.D. Okla. Feb. 25, 2021). The Amended Complaint indicates that Plaintiff is a federal prisoner housed in a private prison. Given those assertions, Plaintiff has not shown that the defendants were acted under color of state law as required by § 1983. *See id.* (dismissing federal prisoner's

claims against private prison employees). A *Bivens* action is also not available under these circumstances:

> [W]here, as here, a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here), the prisoner must seek a remedy under state tort law. We cannot imply a *Bivens* remedy in such a case.

*Minneci v. Pollard*, 565 U.S. 118 (2012). *See also Brewster v. Doe 1*, No. 20-3172-SAC, 2020 WL 4530458, at *2 (D. Kan. Aug. 6, 2020) (dismissing federal claims against CoreCivic employees).

The Court therefore ADOPTS the Report and Recommendation [Doc. No. 20] and, as set out above, dismisses the official capacity claims against all Defendants with prejudice and dismisses the individual capacity claims without prejudice. The Court declines to exercise supplemental jurisdiction over the state law claims in the absence of a viable federal claim. Additionally, Plaintiff's Motions seeking to engage in Discovery [Doc. Nos. 3, 19] are DENIED as moot and Plaintiff's Motion for Leave to Amend [Doc. No. 30] is DENIED without prejudice as Plaintiff failed to comply with Local Court Rule 15.1, which requires the proposed amended pleading to be attached to the motion as an exhibit. Although the Court concludes that Plaintiff has failed to state a claim, the Court will withhold entry of judgment to permit Plaintiff to properly seek leave to amend. Should Plaintiff fail to file a motion seeking leave to amend by March 7, 2024, the Court will dismiss this action in accordance with this Order.

IT IS SO ORDERED this 9th day of February, 2024.

*David L. Russell*

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE