IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA



FILED
3:22 pm, May 01, 2024
JOAN KANE, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA
By: Emily Wilkinson, Deputy Clerk

<u>Orin Kristich</u>
Plaintiff

v.

<u>Nurse Casady</u>

<u>Nurse Foster</u>

<u>Dr. Crane</u>
Defendants

Case No. <u>CIV-23-544-R</u>

Jury Trial Requested
Fed.R.Civ.P. Rule 23

PRO SE PRISONER CIVIL RIGHTS COMPLAINT

COMPLAINT

1. Jurisdiction is asserted pursuant to:
42 U.S.C§ 1983 and § 1343 (a) (3).
Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 338 (1971), and 28 U.S.C.§ 1331; 28 U.S.C§ 1332.
Federal Tort Claims Act § 2671-80

Additional Jurisdiction:

2. BASIS FOR JURISDICTION UNDER 28 U.S.C.§ 1331; 28 U.S.C§ 1332. (a) Pursuant to 42 U.S.C§ 1983, one may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution" and Federal law. Under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), one may sue federal officials for the violation of certain constitutional rights; certain other rights under F.T.C.A..
These statutory provisions were given to the people under the United States Const. and the Sepration Of Powers Doctrine.(See Bond v. United States, 564,211,131 S.Ct. 2355.) The Supreme Court has held that 28 U.S.C. § 1331 and § 1332 (a),

-1-

Congress granted federal courts jurisdiction over two general types of cases: cases that arise under federal law, § 1331, and cases in which the amount in conroversy exceeds $75,000 dollars and there is diversity of citizenship among the parties, § 1332(a). These jurisdictional grants are known as federal-question jurisdiction and diversity jurisdiction, respectively, each serves a distinct purpose: Federal question jurisdiction affords paties a federal forum in which to vindicate federal rights, whereas diversity jurisdiction provides a neutral forum for the

parties from different states. The sole purpose of constitutional and statutory provisions conferring jurisdiction upon federal courts on behalf of aliens and citizens of other states is that they may seek trial and decision, in these courts, of question which they are unwilling to submit to judgment of state courts. (See Mossman v. Higginson, 4 U.S. 12, 1 L.Ed. 720, 1800 U.S. LEXIS 298 (1800); King v. Worthington, 104 U.S. 44, 26 L.Ed. 652, 1881 U.S. LEXIS 1967 (1881). Section 1332 is intended to cover all diversity of citzenship claims in civil actions in accordance with the judicial construction of the langugage in the original section 41(1) of title 28 U.S.C., 1940ed. Therefore, the revised language covers civil actions between:(1)citizens of a state, and citzens of other states and foreign states or citizens or subjects thereof(2) citizens of a Territory or the Dist. Of Columbia, and foreign states or subjects thereof(3) citizens of different states(4)citizens of diffrent Territories. The theory which jurisdiction is conferred upon courts of the United States, in controversies between citzens of different states, has its foundation in supposition that, possibly, the state tribunal might not be impartial between their own citzens and foreigners.(See Pease v. Peck, 59 U.S. 595, 15 L.Ed. 518, 1855 U.S. LEXIS 741 (1856). Wherefore, jurisdiction of federal courts given to nonresidents against citzens of local state, is to insure impartial trial, not to create

right of action which citzens of state, in like condition, do not have.
Congress has modified these general grants of jusisdiction to provide
federal courts with jurisdiction in certain types of cases. (Mr.
Kristich is a class member and the subclass is a people to large in
number to name on the petition pursuant to Fed.R.Civ.P. Rule 23:§1332(d)
(2)(A). A "class action" is any civil action filed under Fed.R.Civ.P.
Rule 23 or similar state statue or rule of judicial procedure pursuant
to § 1332(d)(1)(B). Therefore, Mr.Kristich asserts diversity jurisdic-
tion in this case: as he is a class member of a subclass of prisoners
that are being denied access to medical care and or treatment; he is a
citizen of a state different from at least one of the defendants, and
this is a matter in controversy that exceeds $5,000,000 dollars. Mr
Kristich will fairly and adequately protect the interests of all
B.O.P. prisoners and hold-over prisoners that make up the class and
subclass by filing the claims in this case. Further, this case also
involves an injury in fact pursuant to U.S. Const. Art 3:
justiciability doctrine, and is still a live controversy at the time
of this filing that regards actors that reside in the western district
or work in the western district of Oklahoma as employed by a state
medical contractor that gives federal prisoners medical treatment
while holding them for the U.S.M.S.. Furthermore, Mr.Kristich is
still not getting the medical care he needs. [please note on April
11,2024 Mr.Kristich was sent to one privoder after over two years
of medical doctors requesting medical treatment and or care for his
injuries.] (See National Mut. Ins.Co v. Tidewater Transfer Co., 337 U.S.
582, 93 L.Ed. 1556, 69 S.ct. 1173; Central States Co-operatives v.
Watson Bros. Transp. Co.(1947 CA7III) 165 F.2d 392, vacated 337 U.S.
951, 93 L.Ed. 1752, 69 S.ct 1525; and McGarry v. Bethlehem, 45 F. Supp.
385 (1942)

(See The Class Action Fariness Act of 2005, and other amendments to §1332. As Crongress has modified these general grants of federal jurisdiction in cases like this.

SPECIFIC FACTS ARE NOT NECESSARY IN THE INITIAL SCREENING PROCESSS

Pursuant to Fed.R.Civ.P. Rule 12(b)(6), in order to state a claim there are two prongs: 1) a known constitutional right must have been volated; 2) well-pleaded factual allegations must rise above a speculative level. (See Iqbar, 556 U.S. at 678) (citing Twombly, 550 U.S. at 555). "It makes "naked assertion[s]." Twombly, 550 U.S. at 557, without the factual allegations needed "to rise to relief above the speculative level." id at 555. To adhere to these standards is not to impose any heightened requirement on the petitioner." "It is to effect our law's requirement, at bottom that a complaint state "enough factual matter taken as true to suggest" a plausible claim." id at 556. The main question in this case becomes, when Mr.Kristich was locked in a cell how many facual allegations/information was available to him? Further, at what point is Mr.Kristich allowed to proceed to discovery? Pursuant to Fed.R.Civ.P. 8(a)(2) a short statement is needed to give the defendants fair notice of what the claim is and the grounds upon which it rests. Thus, Mr.Kristich has shown there is a genuine factual dispute over whether the defendants violated his constitutional rights. Further, medical care, and treatment are known rights that the defendants knew or should have known at the time of the injury, as this has been the binding precedent held by the U.S. Supreme court for over 30 years. All persons held in custody have a right to medical care, and treatment.

Furthermore, "retaliation for the exercise of constitutionally protected rights is itself a constitutional violation. Mr.Kristich has engaged in constitutional conduct by filing a Pro-se civil rights compl-

aint. (Quoting Szubielski v. Pierce,, U.S. Dist.LEXIS 158258 (3rd Cir 2020). "Retaliation for the exercise of constitutionally protected rights is itself a constitutional violation. White v. Napoleon, 897 F. 2d 103, 111-12 (3rd Cir 1990). To prove unconsstitutional retaliation, an inmate must show (1) he engaged in constitutionally protected conduct (2) he suffered an adverse actions at the hands of a prison offical (3) the constitutionally protected conduct was a substantial or motivating factor in the prison officals decision to take adverse action.) (See Worrell v. Henry, 219 F.3d 1197, 1212 (10th Cir 2000); Ruser v. Hom, 241 F.3d. 330, 333 (3rd Cir 2001). The record is this case shows that Mr.Kristich suffered an adverse action at the hands of the defendants, as shown when this court ordered his Writ of Mandamus with regards to blocking timely payments to this court. Further, they would not give the payments back and did not care about violating this courts order. Why would officers of the court up-hold the law? Moreover, why would they need to respect the court or any order of the court that does not support their gang in-volvement in the Sinaloa Drug Cartel?

Wherefore, these facts that can been seen on the record of this court in part give rise above a speculative level with regards to well-pleaded factual allegations in this courts intial screening process. Further, the defendants actions show the bad faith of the parties, when they took steps to destory evidence that they thought Mr.Kristich did not copy. However, he did sent a copy to a person, and he needs 90 days to get a copy from Washington D.C..

ATTACHED DEFENDANT(S)

(4) Melissa Rios, F.B.O.P. (Director)
(5) Unknown U.S. Marshals
(6) Poynyer, Health Services Administrator
(7) Warden Gutierrez, F.B.O.P.
(8) A/W Stangle, F.B.O.P.
(9) Mr. Wong, F.B.O.P.
(10) Warden Dickerson, (C.C.A.) Cushing Oklahoma
(11) Transport Officer Wilwood, F.B.O.P.
(12) Transport Officer R. Darnell, F.B.O.P.
(13) Unit Counselor Merk
(14) Unit Counselor Felix

II. **State whether you are a:**

___ Convicted and sentenced state prisoner

_X_ Convicted and sentenced federal prisoner

___ Pretrial detainee

___ Immigration detainee

___ Civilly committed detainee

___ Other (please explain) _____

III. **Previous Federal Civil Actions or Appeals**

List each civil action or appeal you have brought in a federal court while you were incarcerated or detained in any facility.

1. Prior Civil Action/Appeal No. 1

   a. Parties to previous lawsuit:

   Plaintiff(s): _Orin Kristich_

   Defendant(s): _Officer Henker and Officer Sanchez_

   b. Court and docket number: _United States District Court For The District Of New Mexico_

   c. Approximate date of filing: _Unknown_

   d. Issues raised: _Conditions of Confinement_

   e. Disposition (for example: Did you win? Was the case dismissed? Was summary judgment entered against you? Is the case still pending? Did you appeal?): _Dismissed for failure to state a claim_

   f. Approximate date of disposition: _I think it was 9/2/2016_

If there is more than one civil action or appeal, describe the additional civil actions or appeals using this same format on a separate sheet(s).

Rev. 10/20/2015

-7-

PRIOR CIVIL ACTIONS
APPEAL NO.2

(a) Orin Kristich : Plaintiff

(b) Dickerson, et,al : Defendant(s)

(c) Approximate Date Of Filing: 11/1/2022

(d) Issues Raised: Violations Of the United States Constitution and Civil Rights Violations / Injury in Fact.

(e) Disposition: Undue Influence caused Mr.Kristich to move this court for volantary dismissal. Wherefore, Mr.Kristich added new B.O.P. defendants that pervented, thwarted, or hindered timely payments to this Court. Mr.Kristich then saved the $350.00, and refiled the Petition with this court. Moreover, a Writ Of Mandamus was filed after the voluntary dismissal due to the new defendants taking money and sending payments to this court. Further, the New B.O.P. defendants would not give the money back even after the Writ was "Granted to refund the money. The Retaliation and Harassment were ongoing until Mr.Kristich was transferred to F.C.I. Marrianna by taking court fees that Mr.Kristich had pre-paid in full. They would not give the money back even with a court order. Because, they think they are above the law. "They are "Pure Evil".I do not think that bareking the law is in any way teaching Mr.Kristich to respect the law.

(f) Date Of Disposition: 11/22/2022

Parties to Current Lawsuit

1. Plaintiff

Name: Orin Kristich

Address: FCI-Marianna, P. O. Box 7007, Marianna, FL 32447

Inmate No.: 99811-051

2. Defendant No. 1

Name and official position: Casady, FNU, Nurse

Place of employment and/or residence: Cimarron Correctional Facility (CoreCivic), 3200 S. Kings Hwy., Cushing, OK 74023

How is this person sued? ( ) official capacity, ( ) individual capacity, (X) both

3. Defendant No. 2

Name and official position: Foster, FNU, Nurse

Place of employment and/or residence: Cimmarron Correctional Facility (CoreCivic), 3200 S. Kings Hwy., Cushing, OK 74023

How is this person sued? ( ) official capacity, ( ) individual capacity, (X) both

4. Defendant No. 3

Name and official position: Dr. Crane, FNU, MD

Place of employment and/or residence: Cimmarron Correctional Facility (CoreCivic), 3200 S. Kings Hwy., Cushing, OK 74023

How is this person sued? ( ) official capacity, ( ) individual capacity, (X) both

5. Defendant No. 4

Name and official position: Melissa Rios, Western Regional Director, Federal Bureau of Prisons

Place of employment and/or residence: Federal Bureau of Prisons, Western Regional Office, 7338 Shoreline Dr., Stockton, CA 95219

How is this person sued? ( ) official capacity, ( ) individual capacity, (X) both

6. Defendant No. 5

Name and official position: Unknown named US Marshals

Place of employment and/or residence: CS-3, 15th Floor Washington, DC 20530

How is this person sued? ( ) official capacity, ( ) individual capacity, (X) both

7. Defendant No. 6

Name and official position: Poynyer, FNU, Health Services Administrator

Place of employment and/or residence: Federal Bureau of Prisons, United States Penitentiary Tucson, 9300 S. Wilmot Rd., Tucson, AZ 85701

How is this person sued? ( ) official capacity, ( ) individual capacity, (X) both

8. Defendant No. 7

Name and official position: Warden Gutierrez, FNU

Place of employment and/or residence: Federal Bureau of Prisons, United States Penitentiary Tucson, 9300 S. Wilmot Rd., Tucson, AZ 85701

How is this person sued? ( ) official capacity, ( ) individual capacity, (X) both

9. Defendant No. 8

Name and official position: A/W Stangle, FNU
Place of employment and/or residence: Federal Bureau of

Prisons, United States Penitentiary Tucson, 9300 S. Wilmot Rd., Tucson, AZ 85701

How is this person sued? ( ) official capacity, ( ) individual capacity, (X) both

10. Defendant No. 9

Name and official position: Mr. Wong, Western Regional Counsel, Federal Bureau of Prisons

Place of employment and/or residence: Federal Bureau of Prisons, Western Regional Office, 7338 Shoreline Dr., Stockton, CA 95219

How is this person sued? ( ) official capacity, ( ) individual capacity, (X) both

11. Defendant No. 10

Name and official position: Warden Dickerson

Place of employment and/or residence: Cimmarron Correctional Facility (CoreCivic), 3200 S. Kings Hwy., Cushing, OK 74023

How is this person sued? ( ) official capacity, ( ) individual capacity, (X) both

12. Defendant No. 11

Name and official position: Transport Officer Wilwood

Place of employment and/or residence: Federal Bureau of Prisons, United States Penitentiary Tucson, 9300 S. Wilmot Rd., Tucson, AZ 85701

How is this person sued? ( ) official capacity, ( ) individual capacity, (X) both

13. Defendant No. 12

Name and official position: Transport Officer R. Darnell

Place of employment and/or residence: Federal Bureau of Prisons, United States Penitentiary Tucson, 3900 S. Wilmot Rd., Tucson, AZ  85701

How is this person sued?  ( ) official capacity, ( ) individual capacity, (X) both

14. Defendant No.13
Name and official position: Unit Counselor Merk

Place of employment and/or residence: Federal Bureau of Prisons, United States Penitentiary Tucson, 3900 S. Wilmot Rd., Tucson, A.Z. 85701

How is this person being sued?  ( ) official capacity ( ) individual capacity, ( X) both

15 Defendant No. 14 Unit Case-Manager Felix

Place of employment and/or residence: Federal Bureau of Prisons, United States Penitentiary Tucson, 3900 S. Wilmot Rd., Tucson, A.Z. 85701.

How is this person being sued?  ( ) official capacity ( )individual capacity, (X) both

## CAUSE OF ACTION

1. Claim 1: Mr. Kristich's Eighth Amendment right to protection from crule and unusual punishment was violated. Deliberate indifference was shown by acting as "gate keeper" when refusing to open cell door and/or send Mr. Kristich to the Hospital.

2. List the defendant(s) to this Claim: Warden Dickerson, Dr. Crane, Nurse Casady, Nurse Foster, And Unknown U.S. Marshals.

3. Statement Of Facts regarding Claim(s) 1-11:

Defendant Casady violated Mr. Kristich's Eighth Amend. right through deliberate indifference to his medical needs by acting as "Gate Keeper" when refusing to open his cell door, and refusing Mr. Kristich treatment for his shoulder injury. When Mr. Kristich asked Nurse Casady to help examine his shoulder due to his shoulder being locked in place at his side, She replied, "Oh fuck no. We're not doing this," and walked away from the cell door. Therefore, Casady deprived Mr. Kristich of his rights to medical care, and treatment as found in the defendants/ Medical and inmate handbook. Further, Mr. Kristich suffered a dislocated shoulder, and was unable to report the injury for around 15 hours due to the actions of Warden Dickerson, and his staff's failure to perform welfare checks, and a lack of any emergency call devices in his cell(s) pursuant to the C.F.R.. When Mr. Kristich was able to report the injury, medical staff Casady would not open the cell door after being called to the cell for the medical treatment and care of Mr. Kristich. Nurse Casady was called to Mr. Kristich's cell again for a medical emergency, Mr. Kristich was told Nurse Foster would be responding in place of Nurse Casady. Over the next 12 or so hours Nurse Foster never came to check on Mr. Kristich though he was called for a medical emergency by the two officers Mr. Kristich named as witnesses, because they had called Foster when he was in the Unit, and Mr. Kristich could hear his reply. " I will be back after I pass out meds." Nurse Foster never came back to even check on Mr. Kristich. Due to the actions of these defendants Mr.

Kristich's injury went untreated for around 30 hours, leading to extreme pain from approximately 4:00am on December 25,2021, until about 3:00pm on December 26, 2021; during which time he was in extreme pain, suffered mental anguish.

When Nurse Casady came to work the next day and opened the door, she examined the injury in fact; she did tell Mr.Kristich how sorry she was for leaving him with a dislocated shoulder over night, and then went to talk to Dr.Crane. No other treatment was forthcoming until approximately 12:30 pm when Dr.Crane ordered a sling to be delivered to Mr.Kristich. However, a sling is not the required medical treatment for a dislocated shoulder. I am sure a 8 year old could tell you that. Further, Mr.Kristich was not taken to the hospital until 3:00 pm on December 26,2021. When he was taken to "Hillcrest Hospital."" [This was the first hospital Mr.Krisich was taken to.)

Mr.Kristich now suffers from long-term nerve and/or muscle damage. His injuries are in-part because of the ongoing lack of medical care and/or treatment in the B.O.P.. At no point in time has medical care or treatment beem forthcoming. Mr.Kristich is still in pain while on nerve pain medication at this time. Further, medical trips that were ordered by all of his medical care providers have been canceled. B.O.P. Dr.Juchau M.D. , and B.O.P. Newland PA-C, have ordered Mr.Kristich a treatment and/or care that has not been given. Twice they have oredered Mr.Kristich to be sent to a nerve and muscle specialist, and orthopedic specialist to see if surgery would correct the prolbem. However, the medical trips had been canceled again on December 21,2023 when Mr.Kristich got to F.C.I. Marianna due to the appointed trip being over due, and needing to be reordered. [Mr.Kristich was taken to a nerve specialist on April 11,2024, but has not received his report yet.] For a little over two years medical trips were

being canceled to block any kind of medical treatment, care or determination of all the injuries to Mr.Kristich, his shoulder and/or his nerves and muscle system. Furthermore, Dr.Crane had ordered the same treatment and care the first time with the U.S.M.S. a few days before Mr.Kristich was sent to U.S.P.Tucson. Therefore, the lack of care, and treatment is ongoing in this case. And three medical providers of Mr.Kristich agree that he needs to be seen yet the care has not been forthcoming. Mr. Kristich Can not make this statement any more clear. The question is "Were Mr.Kristich's injuries more than De-Minimis?"

Claim 2: Mr.Kristich's right to adequate medical treatment was voilated

2. List the defendant(s) to this Claim: Warden Dickerson, Dr.Crane, Nurse Casady, Nurse Foster, Unknown U.S. Marshals

3. See Statement Of Facts regarding Claim(s) 1-11 above.

Claim 3. Mr.Kristich's right to seek medical care was violated.

2 List the defendant(s) to this Claim: Warden Dickerson, Dr.Crane, Nurse Casady, Nurse Foster, Unknown U.S.Marshals

3. See Statement Of Facts Regarding Claim(s) 1-11 above

Claim 4. Abuse and Neglect of a prisoner; by not responding to a medical emergency after being told multiple time's by officer Overton.

2. List the defendant(s) to this Claim: Warden Dickerson, Dr.Crane, Nurse Casady, Nurse Foster, Unknown U.S.Marshals

3. See Statement Of Facts Regarding Claim(s) 1-11 above

Claim 5. Extreme pain and suffering [For about 30 hours]

2. List the defendant(s) to this Claim: Warden Dickerson, Dr.Crane, Nurse Casady, Nurse Foster, Unknown U.S.Marshals

3. See Statement Of Facts Regarding Claim(s) 1-11 above

Claim 6. Medical Malpratice leading to long-term nerve damage and/or muscle damage and life long pain [ an injury in fact]

2. List the defendant(s) to this Claim: Warden Dickerson, Dr.Crane, Nurse Casady, Nusre Foster, Unknown U.S.Marshals ,et, al.

3. See Statement Of Facts Regarding Claim(s) 1-11 above

Claim 7. Life long pain and suffering due to lack of medical care

2. List the defendant(s) to this claim: Warden Dickerson, Dr.Crane, Nurse Casady, Nurse Foster, Unknown U.S. Marshals

3. See Statement Of Facts Regarding Claim(s) 1-11 above

Claim 8. Crule and Unusual treatment pursuant to the 8th Amendment.

2. List the defendant(s) to this Claim: Warden Dickerson, Dr.Crane, Nurse Casady, Nurse Foster, Unknown U.S. Marshals, et,al.

3. See Statement Of Facts Regarding Claim(s) 1-11 above

Claim 9. Intentional Infliction of Emotional Distress

List the defendant(s) to this Claim: Warden Dickerson, Dr.Crane, Nurse Casady, Nurse Foster, Unknown U.S. Marshals

3. See Statement Of Facts Regarding Claim(s) 1-11 above

Claim 10. Intentional Infliction of Mental Distress

List the defendant(s) to this Claim: Warden Dickerson, Dr.Crane, Nurse Casady, Nurse Foster, Unknown U.S. Marshals

3. See Statement Of Facts Regarding Claim(s) 1-11 above

Claim 11. Intentional Infliction of Physical Pain

List the defendant(s) to this Claim: Warden Dickerson, Dr.Crane, Nurse Casady, Nurse Foster, Unknown U.S. Marshals

3. See Statement Of Facts Regarding Claim(s) 1-11 above

Claim 12. Violation of Mr.Kristich's 1st Amendment Right to "redress" the government in this court by way of "retalation and harssment"

2 List the defendant(s) to this Claim: Melissa Rios, Warden Gutierrez, A/W Stangle, MrWong, Poynyer, Unit counselor Merk, Case Manager Felix

3. Statement Of Facts Regarding Claim(s) 12-14

The above defendants have prevented, thwarted or hindered Mr.Kristich's Administrative Remedies more than once: by way of the BP-process, Form 95 and obstruction of legal mail in this Court, and others. ( The above B.O.P. defendants have harassed and retaliated by way of (1) placing Mr.Kristich in the S.H.U. (2) trying to strip Kristich Of 1800 program hours that have been restored by centeral office at this time; relief was given due to a BP-11. (3) filed a false program review, (4) maintained a false BP-337 and 338 and held

Mr.Kristich at a higher security level at risk, placing his life and effecting his liberty interest now and upon release; this has been proven and Mr. Kristich was transferred to F.C.I. Marianna. (6) Legal mail in this case and others was being returned and/or did not reach Mr.Kristich at all; when it did legal mail was given past the response deadline and/or was ripped or missing pages. This is an ongoing issue in the B.O.P. as a custom with regards to persons needing medical treatment or care and has now become a topic of concern and has now been done as a program on C.N.N. news, and N.P.R. news.

When Mr.Kristich filed a complaint with the B.O.P. centeral office to have staff at U.S.P.Tucson correct his program review, that was held July 7, 2023 by Case-Manager Felix. A "gang member" named "Q" came to Mr. Kristich's cell and said if you file any more paper work your going to die! A BP-11 was filed corcerning this statement. Mr.Kristich keept asking for the BP-process that was still being blocked.

On August 8, 2023 this same gang member named "Q" attacked Mr.Kristich in unit (c-2) after unit counselor Merk shared a false P.S.I. with all the inmates in (c-2). This issue is still pending in Mr.Kristich's 2255 regarding the fales P.S.I that is still being maintained by the B.O.P. Further, on August 16, 2023 Mr.Kristich was given three false "300 series" incident reports which were proven to be false due to staff misconduct regarding counselor Merk and Case-manager Felix.
Mr.Kristich was transferred to F.C.I. Marianna, where he arrived on Dec. 21, 2023. To date he has not received his property from U.S.P.T., which to his Knowledge, staff at Tucson are refusing to send, including his legal work for this case, and others , Mr.Kristich has also not received back pay wages from his job at U.S.P.Tucson.

Further, Officer Wilwood and Transport Office R.Darnell were

responsible for packing Mr.Kristich's property and deliberately did not go back to pack the property after telling Mr.Kristich, and unit officer Garica that they would come pack his property later due to the prison being on lock-down. Therefore, Mr.Kristich has been forced to pay for copies of his legal work, and pay to replace his other missing personal property. These actions were taken to strip Mr. Kristich of any evidence that is relevant to this litigation. Further, for the added purpose of harssment and/or to delay this litigation. A party to a civil action has a duty to preserve evidence once that pary know's or reasonably should know that the evidence is relevant to actual or probable litigation of the pending "civil case" whether for or aginst a party. (See Guzman v. Jones, 804 F.3d 707, 713 (5th Cir 2015). and Siemens Westinghouse Power Corp, 220 F.R.D. 249, 434 (W.D.Pa 2004)). Further, "destruction" of evidence for the purpose of hiding the evidence by way of harassment or to cause delay or for other improper reasons shows bad faith of the offical in this case; as the case was pending at the time. (See Sterling Energy Ltd. v. Friendly Nat'l Bank, 744 F.2d 1433, 1435 (10th Cir 1984).

Claim 13. Violation of Mr.Kristich's 5th Amendment "Due process" right.

2. List the defendant(s) to this claim: Melissa Rios, Warden Guterrez, A/W Stangle, Mr Wong, Transport Officer R. Darnell, Transport Officer Wilwood, Unit Counselor Merk, Unit Case-Manager Flix

3. See Statement Of Fact Regarding Claim(s) 12-14 above

Claim 14. Retaliatory transefr due to pending civil action to destory evidence and/or harass and cause delay of the action.

2. List the defendant(s) to this claim: Melissa Rios, Warden Guterrez, A/W Stangle, Mr.Wong, Transport Officer R. Darnell, Transport Officer Wilwood, Unit Counselor Merk, Unit Case-manager Flix

3. See Statement Of Fact Regarding Claim(s) 12-14 above

## Requested relief:

(1) Mr.Kristich respectfully requests Monentary Damages in the amount of $13,000,000 United States Dollars Per-defendant. [Per-claim]

(2) Mr Kristich requests Punitive Damages in the amount of $13,000,000 United States Dollars Per-defendant.

(3) Mr.Kristich requests Smart-Money Damages in the amount of $13,000,000 United States Dollars Per-defendant.

(4) Mr.Kristich requests declaratory relief in the form of a court Order requiring the B.O.P to give all persons in custody of the B.O.P adequate medical care and/or treatment.

(5) Mr.Kristich requests injunctive relief in the form of a court Order requiring the B.O.P. to give all persons in custody adequate medical care and/or treatment.

(6) Any other relief that this court can grant in equity proceedings.

(7) Any other relief that this court deems fit to ensure the ends of Justice are met for Mr.Kristich and the Class and Sub-Class.

I declare under penalty of perjury that the foregoing is true and correct. Pursuant to 28 U.S.C. §1746 and 18 U.S.C. § 1001.

Respectfully submitted,

                                      Orin Kristich#99811-051
                                                 Name

                                                 *[signature]*
                                                 Signature

                                                 4-25-2024
                                                 Date

I further declare under penalty of perjury that I placed this complaint in the prison's legal mail system, with the correct postage attached, on the __25__ day of April, 2024.

                                        *[signature]*
                                        Orin Kristich

                                        4-25-2024
                                        Date