IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ORIN KRISTICH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-23-544-R |
| | ) |
| FNU CASADY, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Plaintiff Orin Kristich, a federal prisoner proceeding pro se and in forma pauperis, initiated this civil rights actions under 42 U.S.C § 1983 and *Bivens* alleging that his constitutional rights were violated while he was incarcerated at Cimarron Correctional Facility and while in the custody of the Bureau of Prisons. The matter was referred to United State Magistrate Judge Shon T. Erwin for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C).

Judge Erwin issued a Report and Recommendation [Doc. No. 20] recommending that the federal claims asserted in Plaintiff's Amended Complaint [Doc. No. 18] be dismissed upon screening. On February 9, 2024, this Court entered an order adopting the Report and Recommendation, dismissing certain official capacity claims with prejudice, and dismissing certain individual capacity claims without prejudice [Doc. No. 31]. In the same order, the Court denied Plaintiff's Motion for Leave to Amend for failure to comply with this Court's Local Civil Rules but granted him an opportunity to properly seek leave to amend his pleading. Plaintiff then submitted a document titled "Mistake in Law" which,

1

liberally construed, appears to be a motion seeking reconsideration of the Court's February 9, 2024 order.

Plaintiff also filed a motion seeking permission to file an amended pleading [Doc. No. 35]. The Court permitted Plaintiff to file his amended pleading and re-referred the action to Judge Erwin [Doc. No. 36]. Consistent with this referral, Judge Erwin promptly reviewed Plaintiff's amended pleading and, after finding it deficient in several respects, ordered Plaintiff to re-file his amended pleading in conformance with this Court's prior orders and the Federal Rules of Civil Procedure [Doc. No. 37]. Rather than comply with Judge Erwin's order, Plaintiff filed a document titled "Objection Pursuant to § 636(b)(1)(b) and (C)" which challenges the order.[1]

After considering Plaintiff's motion for reconsideration and Plaintiff's objection, the Court is not persuaded that it should reconsider its prior order dismissing certain claims or reject Judge Erwin's order instructing Plaintiff to re-file his amended pleading. With respect to the motion for reconsideration, Plaintiff has not identified any intervening change in the law, previously unavailable evidence, or clear error that would warrant reconsideration. *See United States v. Warren*, 22 F.4th 917, 928 (10th Cir. 2022) (setting out standard for reconsideration). The motion asserts that a private entity can be held liable for civil rights violations under § 1983 under certain circumstances and suggests that Plaintiff was in federal custody during his incarceration. Plaintiff does not, however,

---

[1] Plaintiff also separately filed a Second Amended Complaint [Doc. No. 38], which is subject to screening by Judge Erwin consistent with the case referral.

2

explain how either of these assertions undermine the Court's conclusion that he failed to plausibly allege a § 1983 claim because he did not show that the defendants acted under color of state law. Plaintiff's motion also implies that certain federal claims are viable because his original pleading sought injunctive relief, as opposed to monetary damages. The Court already considered, and rejected, this argument.

With respect to the objection, Plaintiff has not identified any nonfrivolous argument that warrants rejecting Judge Erwin's order.[2] The objection begins by suggesting that Judge Erwin has a conflict of interest but does not present any factual basis for this belief. Plaintiff then complains that Judge Erwin is improperly dismissing certain claims. On the contrary, Judge Erwin's order does not dismiss any claims or prevent Plaintiff from adding defendants but simply requires him to submit his pleading on a court-approved form, to include a short and plain statement of the facts underlying each claim in an orderly manner as required by Fed. R. Civ. P. 8, to comply with Fed. R. Civ. P. 18 and 20 when joining new claims or defendants, and to avoid restating claims that have been dismissed with prejudice.

Accordingly, as set out above, Plaintiff's "Mistake in Law" and Plaintiff's "Objection Pursuant to § 636(b)(1)(b) and (C)" are DENIED.

---

[2] The Court interprets this filing as objecting to a magistrate judge's ruling on a non-dispositive pretrial matter, which limits the Court's review to determining whether the order "is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C.A. § 636(b)(1). However, the Court would reach the same conclusion even under de novo review.

IT IS SO ORDERED this 10th day of May, 2024.

*David L. Russell* (signature)

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE