IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ORIN KRISTICH ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-23-544-R |
| ) | |
| FNU CASADY et al., ) | |
| ) | |
| Defendants. ) | |

### REPORT AND RECOMMENDATION

Plaintiff Orin Kristich, a convicted federal prisoner, appearing *pro se*, and *in forma pauperis*, filed a civil rights Complaint on June 20, 2023. (ECF No. 1). Most recently, Plaintiff has filed a Second Amended Complaint (SAC). (ECF No. 38). United States District Judge David L. Russell has referred this matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). Having reviewed the sufficiency of the SAC pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B), the undersigned recommends that the Court find that Plaintiff has stated a claim against Defendant Casady, pursuant to 42 U.S.C. § 1983, in her individual capacity, limited to the recovery of monetary damages, based on a theory of deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment. The remaining claims and Defendants should be dismissed for the reasons discussed herein. *See infra*.

### I.   PROCEDURAL BACKGROUND

As stated, Mr. Kristich filed a civil rights Complaint on June 20, 2023. (ECF No. 1). In reviewing the Complaint, the undersigned noted that Plaintiff had not utilized the

Court's form and the document failed to satisfy basic pleading requirements. (ECF No. 12:1). The Court Clerk's Office sent Plaintiff the Court-approved form and gave Mr. Kristich specific instructions for filling it out. (ECF No. 12). For example, Plaintiff was informed that Federal Rule of Civil Procedure 8(a) governed the general rules of pleading, providing:

> (a) Claim for Relief. A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

Plaintiff was also reminded that if the Amended Complaint named multiple Defendants, then it was particularly important that the pleading "make clear exactly who is alleged to have done what to whom, and to provide each individual with fair notice as to the basis of the claims against him or her." (ECF No. 12:2-3) (citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (emphasis in original)).

On November 1, 2023, Plaintiff filed an Amended Complaint which the undersigned examined in accordance with its obligation to screen the pleading pursuant to 28 U.S.C. § 1915A(a) and 28 U.S.C. § 1915(e)(2)(B). (ECF Nos. 18 & 20). In doing so, the Court noted that Plaintiff was a federal prisoner, who, while in the custody of the federal Bureau

of Prisons (BOP) was housed at Cimarron Correctional Facility (CCF), a private prison operated by CoreCivic. (ECF No. 20:4). In the Amended Complaint, Mr. Kristich set forth thirteen claims against ten Defendants which fell into two groups—employees of the BOP and employees of CCF. *See* ECF No. 18. The BOP Defendants included: (1) Melissa Rios, Western Regional Director, BOP, residing in Stockton, California; (2) Unknown U.S. Marshals; (3) FNU Poynyer, BOP Health Services Administrator at Tucson-USP; (4) FNU Guitierrez, Warden at Tucson-USP; (5) FNU Stangle, Assistant Warden at Tucson-USP; and (6) FNU Wong, Western Regional Counsel, BOP, residing in Stockton, California. (ECF No. 18:6-7). The CCF Defendants include: (1) FNU Casady, CCF Nurse; (2) FNU Foster, CCF Nurse; (3) FNU Crane, CCF Physician; and (4) FNU Dickerson, CCF Warden. (ECF No. 18:5, 7). Mr. Kristich sued all Defendants in their official and individual capacities. (ECF No. 18:5-7, 10-21).

The undersigned recommended dismissal of the official capacity claims against the CCF Defendants because such claims could not exist against private prison employees. See ECF No. 20:7. As to the remaining federal claims against the CCF employees, the undersigned recommended the Court dismiss the individual capacity claims against Defendants Casady, Foster, Crane, and Dickerson without prejudice because Plaintiff had: (1) failed to allege personal participation, (2) asserted only conclusory allegations, (3) failed to allege deliberate indifference, and (4) alleged general allegations against multiple Defendants, without specifying "*who* is alleged to have done *what* to *whom*." (ECF No. 20:9-18).

As to the federal claims against the BOP Defendants, the Court recommended: (1) dismissal of the official capacity claims for lack of jurisdiction and (2) dismissal of the individual capacity claims because Plaintiff had failed to allege that any of the BOP Defendants had personally participated in any of the alleged constitutional violations. (ECF No. 20:18-21). Finally, the undersigned recommended that the Court decline supplemental jurisdiction over the state law claims, in the absence of any remaining federal law claims. (ECF No. 20:21-22).

Judge Russell adopted the recommendations: (1) dismissing the official capacity federal claims against all Defendants, with prejudice, (2) dismissing the individual capacity federal claims against all Defendants, without prejudice, and (3) declining jurisdiction over the state law claims. (ECF No. 31:4). In doing so, Judge Russell also allowed Mr. Kristich time to file a Second Amended Complaint to cure the deficiencies in the Amended Complaint. (ECF No. 31). On March 8, 2024, Plaintiff filed a Motion for Leave to Amend, attaching a document titled "Amended Pleadings." *See* ECF No. 35 & 35-1. Judge Russell granted Plaintiff's motion and re-referred the matter for preliminary proceedings pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). (ECF No. 36). The undersigned reviewed the "Amended Pleading" at ECF No. 35-1, and found it to be deficient in several respects. *See* ECF No. 37. In doing so, the undersigned reminded Plaintiff that the SAC must "make clear exactly who is alleged to have done what to whom, and to provide each individual with fair notice as to the basis of the claims against him or her." (ECF No. 37:6)

(citing *Robbins,* 519 F.3d at 1250). The undersigned also gave Plaintiff the following specific directives:

- Plaintiff is hereby given the opportunity to file a Second Amended Complaint to allege his claim(s) and specifically identify each party's allegedly unlawful actions through a short and plain statement of the factual allegations. The Court will not allow a "re-incorporation" of previous claims. In doing so, Mr. Kristich will utilize the Court's approved form and for each and every allegation of wrongdoing or citation to a specific law or statute, Plaintiff shall identify the basis of the claim on which he asserts a specific statute or law, as well as the specific Defendant he believes is responsible for violating said law or statute. **Any law or statute cited by Plaintiff which does not comply with this directive will not be considered by the Court**;

- Plaintiff shall not file any official capacity claim against any named defendant who is employed by CCF, for the reasons set forth in the previous recommendation, *see* ECF No. 20, and by virtue of the fact that those claims have been dismissed with prejudice. *See* ECF Nos. 20 & 31;

- Mr. Kristich shall not name any new defendants or add any new claims that did not arise out of the claims as set forth in his Amended Complaint, see ECF No. 18, as doing so would violate Federal Rules of Civil Procedure 20(a)(2) and 18(a); and

- Plaintiff shall not cite or invoke the Class Action Fairness Act or the Ending Qualified Immunity Act.

(ECF No. 37:8).

On May 1, 2024, Plaintiff indeed filed a SAC. (ECF No. 38). In the SAC, Plaintiff defied all four specific directives in the Court's Order. First, Mr. Kristich invoked several jurisdictional statutes without identifying the bases for them. *See* ECF No. 38:1-4. Second, Plaintiff named all ten Defendants he had previously named, and sued them in their official capacities—claims which have already been dismissed with prejudice. *See* ECF No. 38:9-12. Third, Plaintiff named four additional BOP Defendants, and the allegations

against them did not arise out of the claims as set forth in the Amended Complaint. *See* ECF No. 38:9-12; *see infra*. Fourth, Mr. Kristich invoked the Class Action Fairness Act. *See* ECF No. 38:3-4. As relief, Plaintiff requested monetary, injunctive, and declaratory relief. (ECF No. 38:9-12, 19).

## II.   SCREENING REQUIREMENT

The Court must review each complaint in which a prisoner seeks redress against a governmental entity, officer, or employee and each case in which a plaintiff proceeds *in forma pauperis*. 28 U.S.C. § 1915A(a); 28 U.S.C. § 1915(e)(2). The Court is required to dismiss the complaint or any portion of the complaint that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B).

## III.   STANDARD OF REVIEW

The Court must accept Mr. Kristich's allegations as true and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to Plaintiff. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). Since Mr. Kristich is proceeding *pro se*, his complaint must be construed liberally. *See id*. at 1218. The Court "review[s] the complaint for plausibility; that is, to determine whether the complaint includes enough facts to state a claim to relief that is plausible on its face." *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009) (quotations and citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct," then

6

the plaintiff has not "nudged (his) claims across the line from conceivable to plausible." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility requirement "serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Robbins v. Oklahoma,* 519 F.3d 1242, 1248 (10th Cir. 2008).

A complaint fails to state such a claim when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (footnote and citation omitted). Bare legal conclusions in a complaint are not assumed to be true; legal conclusions "must be supported by factual allegations" to state a claim upon which relief may be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

"[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and citations omitted).

Whether a complaint contains sufficient facts to avoid dismissal is context-specific and is determined through a court's application of "judicial experience and common sense." *Iqbal*, 556 U.S. at 679; *see also Gee v. Pacheco*, 627 F.3d 1178, 1184-85 (10th Cir. 2010) (discussing *Iqbal*).

## IV.   DISMISSAL OF DEFENDANTS WILWOOD, DARNELL, MERK, AND FELIX

The Federal Rules of Civil Procedure discourage a complaint alleging multiple unrelated claims against multiple parties except in limited circumstances. Fed. R. Civ. P. 20(a)(2) governs permissive joinder of defendants and pertinently provides:

> (2) Defendants. Persons ... may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

In other words, a plaintiff may name more than one defendant in a multiple claim lawsuit only if the claims against all defendants arose out of the same incident or incidents and involve a common factual or legal question. While joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." *Zhu v. Countrywide Realty Co., Inc.*, 160 F. Supp. 2d 1210, 1225 (D. Kan. May 29, 2001) (internal citation omitted). Where there is misjoinder of parties, the Federal Rules authorize the court, on its own initiative at any stage of the litigation, to drop any party. *See* Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The

court may also sever any claim against a party."). Additionally, Federal Rule of Civil Procedure 18(a) governs joinder of claims and pertinently provides: "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." Under "the controlling principle" in Federal Rule of Civil Procedure 18(a), "[u]nrelated claims against different defendants belong in different suits." *Id.* (quoting George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)). Requiring adherence in prisoner suits to the federal rules regarding joinder of parties and claims prevents "the sort of morass that this [a multiple claim, multiple defendant] suit produced . . ." *Id.*

In his Amended Complaint, ECF No. 18, Plaintiff named ten defendants and the claims alleged involved Plaintiff's dislocated shoulder, lack of treatment for approximately 30 hours, and a lack of aftercare for the injury which had allegedly resulted in long-term nerve damage. *See* ECF No. 18. In the Court's Order for the SAC, the undersigned informed Mr. Kristich of the rules regarding improper joinder and specifically instructed him to "not name any new defendants or add any new claims that did not arise out of the claims as set forth in his Amended Complaint," *see* ECF No. 18, as doing so would violate Federal Rules of Civil Procedure 20(a)(2) and 18(a). (ECF No. 37:8). However, in the SAC, Plaintiff ignored the Court's directive and added four additional BOP Defendants—Defendants Wilwood, Darnell, Merk, and Felix. (ECF No. 38:11-12). The allegations against these Defendants concern claims of interference with the internal BOP administrative remedy procedure, retaliation, "stripp[ing]" Plaintiff of program hours, filing a false program review, maintaining Plaintiff at a higher security level, delaying his

mail, instigating false charges against Plaintiff, failing to properly pack Plaintiff's property to be transferred to a new facility, and violating the Fifth Amendment. (ECF No. 38:16-18). The Court should dismiss the allegations against Defendants Wilwood, Darnell, Merk, and Felix, as misjoinder of parties and claims, violative of the Federal Rules of Civil Procedure and the Court's Order dated April 5, 2024. *See supra*.

## V. DISMISSAL OF OFFICIAL CAPACITY CLAIMS

As stated, the Court previously dismissed the official capacity claims against the remaining Defendants. *See* ECF No. 31:4. Based on the Court's previous Order, and for the reasons stated in the recommendation of dismissal, *see* ECF No. 20:7, 18-19, the Court should dismiss these claims.[1]

## VI. DISMISSAL OF DECLARATORY AND INJUNCTIVE RELIEF CLAIMS

Mr. Kristich has requested injunctive/declaratory relief in the form of: "a court Order requiring the B.O.P. to give all persons in custody of the B.O.P. adequate medical care and/or treatment." (ECF No. 38:19). The Court should conclude that Mr. Kristich is not entitled to this relief.

"An injunction is a drastic and extraordinary remedy, which should not be granted as a matter of course." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010). Additionally, pursuant to 18 U.S.C. § 3626, any injunctive relief with respect to prison conditions must be narrowly tailored:

---

[1] If Mr. Kristich would like to challenge the District Court's ruling regarding the dismissals with prejudice, he may do so by filing a Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 60(b).

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A).

The Court should find that Plaintiff's request for declaratory/injunctive relief is overly broad and non-specific. "Adequate medical care" is not narrowly tailored enough to correct the specific violations claimed by Plaintiff and required by federal law. Accordingly, the Court should conclude that Mr. Kristich is not entitled to the broad declaratory/injunctive relief he has requested. *See Lay v. Oklahoma Department of Corrections*, No. CIV-13-481-RAW-SPS, 2016 WL 4995308, at *5–6 (E.D. Okla. Sept. 19, 2016) (concluding that plaintiff was not entitled to "vague" and "overly broad" request for injunctive relief). Furthermore, "[t]o the extent Plaintiff requests injunctive and declaratory relief on behalf of other inmates, Plaintiff lacks standing to assert those claims." *Smith v. Ward*, No. CIV-07-413, 2008 WL 3910725, at *8 (W.D. Okla. Aug. 25, 2008) (citing *Swoboda v. Dubach,* 992 F.2d 286, 289–290 (10th Cir. 1993).

## VII. DISMISSAL OF REMAINING FEDERAL DEFENDANTS

With the forgoing recommendations, what remains are various claims against the remaining ten Defendants, including BOP Defendants: (1) Melissa Rios, Western Regional Director, BOP; (2) Unknown U.S. Marshals; (3) FNU Poynyer, BOP Health Services

11

Administrator at Tucson-USP; (4) FNU Guitierrez, Warden at Tucson-USP; (5) FNU Stangle, Assistant Warden at Tucson-USP; and (6) FNU Wong, Western Regional Counsel, BOP. (ECF No. 38:9-11). Against these Defendants, Plaintiff alleges: interference with the internal BOP administrative remedy procedure, retaliation, "stripp[ing]" Plaintiff of program hours, filing a false program review, maintaining Plaintiff at a higher security level, delaying his mail, instigating false charges against Plaintiff, failing to properly pack Plaintiff's property to be transferred to a new facility, and violating the Fifth Amendment. (ECF No. 38:16-18). Additionally, as to the "Unknown U.S. Marshals," Plaintiff alleges various state and federal law claims. *See* ECF No. 38:13-16.

The problem with these allegations against these Defendants is that Mr. Kristich has, once again, failed to "make clear exactly *who* is alleged to have done *what* to *whom*, and to provide each individual with fair notice as to the basis of the claims against him or her." (ECF No. 12:2-3) (citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (emphasis in original)). As a result, the Court should dismiss any and all claims against these Defendants.

## VIII. REMAINING DEFENDANTS—EMPLOYEES OF CCF

The remaining parties are the CCF Defendants: (1) FNU Dickerson, CCF Warden; (2) FNU Casady, CCF Nurse; (3) FNU Foster, CCF Nurse; and (4) FNU Crane, CCF Physician. The remaining claims against these Defendants are claims asserted against them pursuant to 42 U.S.C. § 1983, in their individual capacities, seeking monetary relief, based on a theory of deliberate indifference to Plaintiff's serious medical needs in violation

of the Eighth Amendment.[2] *See supra*. The Court should conclude that Plaintiff has stated a claim against Defendant Casady only.

### A. Defendant Dickerson

Plaintiff alleges that he dislocated his shoulder on December 25, 2021. (ECF No. 38:14). According to Plaintiff, he was "unable to report the injury for around 15 hours due to the actions of Warden Dickerson, and his staff's failure to perform welfare checks, and a lack of emergency call devices in his cell." (ECF No. 38:13). These are the only allegations against Defendant Dickerson and the Court should dismiss them, as Courts have consistently held that a failure to provide an emergency call button to inmates is not a constitutional violation. *See, e.g., Torres v. Wright*, No. 3:17-cv-01919 (JAM), 2018 WL 1175408 at *4 (D. Conn. Mar. 6, 2018) (prisoners do not have a constitutional right to a cell equipped with an emergency call button); *Bowens v. Sikes*, No. CV416-049, 2017 WL 486266, at *6 (S.D. Ga. Jan. 4, 2017) ("The risk posed by the lack of an emergency call button is not sufficiently serious to state a claim."); *Gandy v. Bryson*, No. 5:16-CV-44, 2016 WL 4385851, at *8 (S.D. Ga. Aug. 15, 2016) (noting that the failure to properly maintain an emergency call button in an inmate's cell is not more than gross negligence

---

[2] In Claim One, Mr. Kristich alleges that the CCF Defendants committed deliberate indifference to his serious medical needs violation of the Eighth Amendment. *See* ECF No. 38:13. For this claim, Mr. Kristich makes specific allegations as to each CCF Defendant. *See* ECF No. 38:13-15. In Claims 2-11, however, Plaintiff identifies various state and federal law claims against all four CCF Defendants, without making clear exactly "*who* is alleged to have done *what* to *whom*, . . . to provide each individual with fair notice as to the basis of the claims against him or her." *See* ECF No. 38:15-16; *see supra*, *Robbins*. As a result, the Court should dismiss the generalized claims as set forth in Claims 2-11 and consider only the allegations in Claim One.

which does not rise to the level of a constitutional violation); *Garner v. City of Philadelphia,* No. 11-cv-5960, 2013 WL 4401327 at *6 (E.D. Pa. Aug. 16, 2013) ("Although panic buttons may offer inmates additional safety and protection, we cannot find that active panic buttons constitute a 'minimal civilized measure of life's necessities' ..."); *Williams v. Cass Ctny. Sheriff Dept.*, No. 1:09-CV-590, 2009 WL 2370713, at *4 (W.D. Mich. July 30, 2009) ("The failure to provide an emergency call button, standing alone, does not constitute deliberate indifference."). As a result, the Court should dismiss the allegations against Defendant Dickerson for failure to state a claim. *See Kingcade v. Holder*, No. 1:19-cv-165-NAB, 2020 WL 495131, at *3 (E.D. Mo. Jan. 30, 2020) (dismissing allegations regarding lack of emergency call button in cell for failure to state an Eighth Amendment claim).

## B.   Defendant Casady

Plaintiff alleges that after he was finally able to report his injury, Defendant Casady responded to the call, and when Plaintiff asked her to examine his "locked" shoulder, she refused to open Plaintiff's cell door, and said "Oh fuck no. We're not doing this" and walked away. (ECF No. 38:13). Although Mr. Kristich admits that he was ultimately provided some treatment, he alleges that the delay resulted in extreme pain and mental anguish. (ECF No. 38:13-14).

"A prison official's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment." *Lucas v. Turn Key Health Clinics*, LLC, 58 F.4th 1127, 1136 (10th Cir. 2023). Deliberate indifference contains both an objective and subjective

component. *Id.* The objective component is satisfied if the deprivation is "sufficiently serious." *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Lucas*, 58 F.4th at 1136. Here, Plaintiff's allegations of a dislocated shoulder are sufficient to satisfy the objective component of the deliberate indifference test.

The standard for the subjective component is that the official "knows of and disregards an excessive risk to inmate health or safety." *Farmer,* 511 U.S. at 837. The official must be aware of the facts from which the inference of a substantial risk of serious harm could be drawn and also draw that inference. *Id.* The subjective component can be satisfied under two theories: failure to properly treat a serious medical condition ("failure to properly treat theory") or as a gatekeeper who prevents an inmate from receiving treatment or denies access to someone capable of evaluating the inmate's need for treatment ("gatekeeper theory"). *Id.* The latter theory can apply to medical professionals when the professional knows that his or her role in a medical emergency is solely to refer the patient to another. *Id.* Even a brief delay in treatment can be unconstitutional. *Id.*

Plaintiff specifically alleges Eighth Amendment liability against Defendant Casady under the "gatekeeper" theory. (ECF No. 38:13). At this juncture, the Court should conclude that Mr. Kristich's allegations against Defendant Cassady are sufficient to state

15

a claim against her for a violation of the Eighth Amendment under either the failure to treat or gatekeeper theory of liability.

### C. Defendant Foster

At some point after Defendant Casady initially responded to Plaintiff's request for medical assistance, he called again for medical assistance and "was told Nurse Foster would be responding in place of Nurse Casady." (ECF No. 38:13). According to Mr. Kristich, two officers "called to [Defendant] Foster" who stated "I will be back after I pass out meds." (ECF No. 38:13). Plaintiff contends that "[o]ver the next 12 or so hours Nurse Foster never came to check on Mr. Kristich[.]" (ECF No. 38:13). These allegations, however, are insufficient to state a claim against Defendant Foster in the absence of allegations that Nurse Foster had been specifically told that Plaintiff needed medical assistance, and then simply did not return. As stated, Plaintiff must allege that Defendant Foster was aware of the facts from which the inference of a substantial risk of serious harm could be drawn and also draw that inference. *See supra*. Mr. Kristich has failed to do so and the Court should dismiss any and all claims against Defendant Foster.

### D. Defendant Crane

Mr. Kristich states that the morning after Defendant Casady had refused him treatment, she came back and examined his injury and apologized for not getting him treatment sooner. (ECF No. 38:14). According to Plaintiff, Defendant Casady talked to Defendant Crane, CCF physician, who then ordered a sling to be delivered to Plaintiff. (ECF No. 38:14). Plaintiff apparently disagreed with Dr. Crane's decision and argues that

16

"a sling is not required medical treatment for a dislocated shoulder." (ECF No. 38:14). But without any additional allegations against Dr. Crane, the Court should conclude that Mr. Kristich has failed to state a claim against this Defendant. *See Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010) ("Disagreement with a doctor's particular method of treatment, without more, does not rise to the level of an Eighth Amendment violation.").

## IX.   RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the forgoing reasons, the Court should find that Plaintiff has stated a claim against Defendant Casady, pursuant to 42 U.S.C. § 1983, in her individual capacity, limited to the recovery of monetary damages, based on a theory of deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment. The remaining claims and Defendants should be dismissed for the reasons previously discussed. *See supra*.

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by **August 5, 2024,** in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## X.      STATUS OF REFERRAL

This Report and Recommendation does not terminate the referral by the District Judge in this matter.

ENTERED on July 19, 2024.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE