IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ORIN KRISTICH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     Case No. CIV-23-544-R |
| | ) |
| FNU CASADY, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Plaintiff Orin Kristich, proceeding *pro se* and *in forma pauperis*, initiated this civil rights actions under 42 U.S.C § 1983 and *Bivens* alleging that his constitutional rights were violated while he was incarcerated at Cimarron Correctional Facility. The matter was referred to United State Magistrate Judge Shon T. Erwin for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C). Judge Erwin issued a Report and Recommendation [Doc. No. 20] recommending that Plaintiff's Amended Complaint be dismissed upon screening. The Court adopted the recommendation but granted Plaintiff an opportunity to seek leave to amend [Doc. No. 31]. Plaintiff subsequently filed a Second Amended Complaint which was again referred to Judge Erwin for screening [Doc. Nos. 36, 38].

Judge Erwin has now issued a Report and Recommendation [Doc. No. 51] recommending that the claims asserted in the Second Amended Complaint be dismissed, with the exception of Plaintiff's claim against Defendant Casady in her individual capacity. Plaintiff filed a timely Objection [Doc. No. 53] and the Court must therefore make a de

novo determination of those portions of the Report to which a specific objection is made. 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b)(3).

Pursuant to 28 U.S.C. § 1915A and § 1915(e)(2)(B), the Court is obligated to screen prisoner complaints and dismiss any portion that fails to state a claim upon which relief may be granted. The standard of review for dismissal under § 1915(e) is the same as for a Rule 12(b)(6) dismissal for failure to state a claim: the complaint must contain sufficient factual allegations to plausibly support a legal claim for relief. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). All well-pled factual allegations are accepted as true and construed in the light most favorable to the plaintiff. *Id.* Additionally, as a pro se litigant, Plaintiff's pleading is entitled to a liberal construction. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff is a federal prisoner who was previously incarcerated at Cimarron Correctional Facility, a private prison operated by CoreCivic. Broadly speaking, Plaintiff's Second Amended Complaint alleges that his Eighth Amendment right to adequate medical treatment was violated when staff at the Cimarron Correctional Facility failed to treat his dislocated shoulder, resulting in extreme pain and long-term injury. The Second Amended Complaint further alleges that prison officials at USP Tucson harassed and retaliated against him by placing him in segregated housing, stripping him of program hours, interfering with his legal mail, and filing false program reviews. As defendants, Plaintiff has named specific employees of the Cimarron Correctional Facility and employees of the Bureau of Prisons in both their official and individual capacities.

In his Report, Judge Erwin notes that Plaintiff has re-asserted official capacity claims that were previously dismissed with prejudice. *See* Doc. No. 31. Plaintiff did not seek reconsideration of the Court's order dismissing these claims with prejudice and his Objection provides no persuasive arguments or authority for reconsidering this ruling. Accordingly, for the same reasons articulated in the Court's prior order, the official capacity claims asserted in the Second Amended Complaint are dismissed with prejudice.

Judge Erwin next recommends that Plaintiff's request for injunctive and declaratory relief be dismissed because his request is not narrowly tailored and he lacks standing to seek relief on behalf of other inmates. Plaintiff does not raise a specific objection to this recommendation and has therefore waived further review of this issue. *See United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir.1996) ("[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review.").

The remaining claims include individual capacity claims asserted against various BOP officials and CCF employees. Regarding the CCF employees,[1] the Second Amended

---

[1] The Court previously dismissed the claims asserted against the CCF employees because Plaintiff alleged that he was a federal prisoner housed in a private prison while in federal custody and, under those circumstances, neither a cause of action under 42 U.S.C. § 1983 nor *Bivens* is available. *See Lopez v. Vladimir*, No. CIV-20-255-SLP, 2020 WL 8671937, at *3 (W.D. Okla. Nov. 18, 2020), report and recommendation adopted, No. CIV-20-255-SLP, 2021 WL 741783 (W.D. Okla. Feb. 25, 2021). However, Plaintiff's Second Amended Complaint alleges that the medical personnel are contracted by the state to provide medical treatment. Sec. Am. Compl. at p. 3. Liberally construed, it is plausible that the CCF personnel were acting under color of state law. Accordingly, the Court considers whether Plaintiff has plausibly stated an Eighth Amendment claim against these defendants under § 1983.

Complaint asserts claims against Warden Dickerson, Dr. Crane, Nurse Casady, and Nurse Foster that all arise from the same set of facts and concern the adequacy of medical treatment provided to Plaintiff. *See* Sec. Am. Compl., claim nos. 1- 11. Liberally construed, this group of claims appears to be attempting to assert a claim for deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment and state law claims for intentional infliction of emotional distress and negligence.

To succeed on an Eighth Amendment claim based on a failure to provide medical care, a plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97 (1976). "Deliberate indifference contains both an objective and subjective component." *Lucas v. Turn Key Health Clinics*, LLC, 58 F.4th 1127, 1136 (10th Cir. 2023). The objective component is satisfied "if the deprivation is sufficiently serious—that is, if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1315 (10th Cir. 2002) (quotation marks and citation omitted). The subjective component of deliberate indifference is satisfied if

> the official knows of and disregards an excessive risk to inmate health or safety. The official must be aware of the facts from which the inference of a substantial risk of serious harm could be drawn and also draw that inference. A plaintiff need not show that a prison official acted or failed to act believing that harm actually would befall an inmate, but rather that the official merely refused to verify underlying facts that he strongly suspected to be true, or declined to confirm inferences of risk that he strongly suspected to exist. Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence such as whether the risk was obvious.

4

>An official disregards risk when he fails to take reasonable measures to abate the risk.

*Lucas*, 58 F.4th at 1137 (quotation marks and citations omitted).

The Second Amended Complaint alleges that Plaintiff suffered a dislocated shoulder but was unable to report the injury for fifteen hours due to staff not performing welfare checks. Sec. Am. Compl. at p. 13. It further alleges that Plaintiff asked Defendant Casady to examine his shoulder but she refused and that Defendant Foster was told that Plaintiff needed medical treatment but he failed to check on Plaintiff. *Id.* The next day, Defendant Casady allegedly opened the cell door, viewed the injury, and spoke to Dr. Crane. *Id.* at 13-14. Dr. Crane then ordered a sling, but no other treatment was provided until Plaintiff was transported to the hospital. *Id.* Plaintiff also alleges that the dislocated shoulder caused extreme pain and he suffered long term nerve and muscle damage from the delay in care. *Id.*

Construed in Plaintiff's favor, the allegations are sufficient to satisfy the objective component of the deliberate indifference standard as a dislocated shoulder is a serious injury that even a lay person would recognize as requiring prompt medical attention. *See Petrichko v. Kurtz*, 117 F. Supp. 2d 467, 470 (E.D. Pa. 2000) (concluding that a dislocated shoulder is a serious medical need). The closer question is whether the subjective component of the deliberate indifference standard is satisfied. Regarding Defendants Casady and Foster, the Court concludes that these allegations are sufficient to state a claim for deliberate indifference under the gatekeeper theory, which permits liability where an official "prevents an inmate from receiving treatment or denies access to someone capable

5

of evaluating the inmate's need for treatment." *Lucas*, 58 F.4th at 1137. Plaintiff alleges that Defendant Casady knew of his shoulder injury and that Defendant Foster was told Plaintiff had a medical emergency, but neither Defendant treated him or reported his need for treatment until the next day. Plaintiff also alleges that this delay in care caused substantial harm. Liberally construing Plaintiff's pro se pleading and drawing all reasonable inferences in his favor, as is required at this stage, Plaintiff has alleged sufficient factual content to plausibly infer that Defendants Casady and Foster subjectively knew of Plaintiff's need for further medical treatment but unreasonably delayed the care. *See Buchanan v. Turn Key Health Clinics, LLC*, No. 22-7029, 2023 WL 6997404, at *5 (10th Cir. Oct. 24, 2023); ("A nurse fulfills the gatekeeping role by promptly and accurately reporting an inmate's serious symptoms to a physician and following the physician's instructions."); *Mata v. Saiz*, 427 F.3d 745, 754–55 (10th Cir. 2005) ("A prisoner may satisfy the subjective component by showing that defendants' delay in providing medical treatment caused either unnecessary pain or a worsening of her condition. Even a brief delay may be unconstitutional.").

Plaintiff's allegations with respect to Defendants Crane and Dickerson, however, fall short of stating a plausible claim.[2] Plaintiff alleges Defendant Dickerson's "staff's

---

[2] In determining whether Plaintiff has stated a claim, the Court looks to the allegations in the Second Amended Complaint and does not consider additional factual allegations asserted in the Objection or in his prior pleadings. *See Scott v. Hormel*, No. CIV-18-395-SLP, 2019 WL 3935101, at *2 (W.D. Okla. Aug. 20, 2019) ("To the extent Plaintiff includes new factual allegations in his Objection, the new allegations are not determinative of whether Plaintiff adequately stated claims in his Complaint."); *Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991) ("[A]n amended complaint ordinarily

6

failure to perform welfare checks" or have an emergency call device in his cell caused the delay in medical care. Sec. Am. Compl. at p. 13. However, there are no factual allegations showing that Defendant Dickerson personally participated in the alleged deprivation or knew of and disregarded an excessive risk of harm. *See Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir.1997) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation."); *Jenkins v. Wood*, 81 F.3d 988, 994–95 (10th Cir.1996) (explaining that "there is no concept of strict supervisor liability under section 1983" and "it is not enough for a plaintiff merely to show a defendant was in charge of other state actors who actually committed the violation") (citation and quotation marks omitted).

Similarly, Plaintiff has not adequately alleged that Defendant Crane disregarded an excessive risk to Plaintiff. The allegations indicate that once he was made aware of the injury, Defendant Crane ordered a sling for Plaintiff and Plaintiff was subsequently sent to the hospital. Although Plaintiff takes issue with Dr. Crane's treatment, a mere disagreement with the level of care provided is not sufficient to show deliberate indifference. *See Self v. Crum*, 439 F.3d 1227, 1234 (10th Cir. 2006) ("But a misdiagnosis, even if rising to the level of medical malpractice, is simply insufficient under our case law to satisfy the subjective component of a deliberate indifference claim.").

In sum, the allegations in the Second Amended Complaint are too conclusory to state plausible claims against Defendants Dickerson and Crane under the Eighth

---

supersedes the original and renders it of no legal effect.") (quotation omitted).

Amendment or state law. However, Plaintiff's allegations are sufficient to state an Eighth Amendment claim for deliberate indifference to serious medical needs against Defendants Casady and Foster. Judge Erwin did not separately analyze whether these allegations are also sufficient to state plausible claims under state law for intentional infliction of emotional distress or medical malpractice/negligence. Plaintiff alleges that Defendants Foster and Crane, who are purportedly both nurses, were aware he had a serious injury and did nothing in response and that he suffered extreme pain and mental anguish as a result. Viewing the full scope of the allegations in Plaintiff's favor, there are sufficient factual allegation to permit the state law claims against Defendants Casady and Foster to proceed past the screening stage.

The final issue concerns whether the Second Amended Complaint plausibly states claims against the individual federal defendants, which includes various BOP officials and "unknown U.S. Marshals". The Second Amended Complaint alleges that these defendants violated Plaintiff's rights under the First and Fifth Amendment by retaliating against him in various ways and failing to pack his property. To state a claim for First Amendment retaliation, a plaintiff must allege that "(1) he was engaged in a constitutionally protected activity; (2) the defendants caused him 'to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity'; and (3) the defendants' action 'was substantially motivated as a response to [the plaintiff's] exercise of constitutionally protected conduct.'" *Turner v. Falk*, 632 Fed.Appx. 457, 460 (10th Cir. 2015) (quoting *Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007)). To satisfy the third prong, a plaintiff "is required to show that 'but for the retaliatory motive, the incidents to which

8

he refers, including the disciplinary action, would not have taken place.'" *Id.* (quoting *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir.1998)). Of course, as with any claim under § 1983 or *Bivens*, the plaintiff must also show that a defendant's own individual actions are traceable to the alleged constitutional violation. *Pahls v. Thomas,* 718 F.3d 1210, 1225 (10th Cir. 2013). This requires "careful attention to particulars, especially in lawsuits involving multiple defendants[,]" where "it is it is incumbent upon a plaintiff to identify *specific* actions taken by *particular* defendants in order to make out a viable § 1983 or *Bivens* claim." *Id.* (citations and quotations omitted).

For the most part, the allegations in the Second Amended Complaint fail to state a claim against the individual defendants because they do not identify any specific actions taken by those individuals. For this reason, the claims against Defendants Rios, Gutierrez, Stangle, Wong, Poynyer, and the unnamed U.S. Marshals are dismissed without prejudice.

To the extent the Second Amended Complaint identifies actions taken by specific defendants, they are also insufficient to state plausible claims. The Second Amended Complaint alleges that a gang member threatened and attacked Plaintiff after he "filed a complaint with the BOP central office to have staff at USP Tucson correct his program review, that was held July 7, 2023 by Case-Manager Felix" and after "unit counsel Merk shared a false P.S.I with all the inmates." Sec. Am. Compl. at 17. The Second Amended Complaint also alleges that Officers Wilwood and Farnell did not pack his property after he was transferred to a different institution. Although Plaintiff makes the conclusory allegation that these actions were done to harass and delay this litigation, his limited factual allegations are not sufficient to plausibly show that these defendants' actions were

9

substantially motivated by Plaintiff's constitutionally protected activities. *See Banks v. Katzenmeyer,* 645 F. App'x 770, 773 (10th Cir. 2016) (holding that dismissal of retaliation claim was warranted where plaintiff "failed to allege specific, objective facts from which it could plausibly be inferred that" prison official acted with retaliatory motive). The allegations are also insufficient to support a claim under the Fifth Amendment as Plaintiff has not alleged "facts plausibly showing that the procedures attendant to the deprivation of his property interest were inadequate in this case". *See Sabbath v. Hicks,* No. 20-CV-00893-PAB-KMT, 2021 WL 1300602, at *8 (D. Colo. Feb. 19, 2021), report and recommendation adopted, No. 20-CV-00893-PAB-KMT, 2021 WL 1015986 (D. Colo. Mar. 17, 2021).

As an alternative ground for dismissal of the claims against the federal and BOP defendants, the Court notes that venue is improper for these claims.[3] The Second Amended Complaint alleges that the events forming the basis of these claims occurred in 2023 at USP Tucson, a federal facility located in Tucson, Arizona. This Court is not the appropriate venue for claims that concern events that occurred entirely in Arizona. *See* 28 U.S.C. § 1391(b). If venue is not proper, the court may either dismiss or transfer the case. *Id.* at § 1406(a); *see also Trujillo v. Williams*, 465 F.3d 1210, 1216 (10th Cir. 2006). Here, the Court concludes that it would not be in the interest of justice to transfer these claims because, as noted above, Plaintiff has not stated plausible claims.

---

[3] A district court may dismiss claims based on improper venue at the screening stage where the defense is obvious from the face of the complaint. *Trujillo*, 465 F.3d at 1217.

As outlined above, the Report and Recommendation [Doc. No. 51] is ADOPTED. The official capacity claims remain dismissed with prejudice, the claims for injunctive/declaratory relief are dismissed, the claims against Defendants Dickerson and Crane are dismissed for failure to state a claim, the claims against Defendants Rios, Gutierrez, Stangle, Wong, Poynyer, Merk, Felix and unknown U.S. Marshals are dismissed for improper venue or, alternatively, for failure to state a claim. The claims against Defendants Casady and Foster remain.

IT IS SO ORDERED this 14th day of August, 2024.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE