IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ORIN KRISTICH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-23-544-R |
| | ) |
| FNU CASADY, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Before the Court is Plaintiff's pro se Motion for Reconsideration [Doc. No. 57]. In its order of August 14, 2024 [Doc. No. 54], the Court adopted in part a Report and Recommendation issued by United States Magistrate Judge Shon T. Erwin, permitted the federal and state law claims asserted against Defendants Casady and Foster to proceed past the screening stage, and dismissed the remaining claims. Defendant now seeks reconsideration of this order and "all dismissed claims regarding all the defendants."

"The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.'" *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). However, "a district court always has the inherent power to reconsider its interlocutory rulings." *Warren v. Am. Bankers Ins. of FL*, 507 F.3d 1239, 1243 (10th Cir. 2007). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted). Reconsideration "is appropriate where the court has misapprehended the facts, a

party's position, or the controlling law," but "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* (citations omitted).

Here, Plaintiff's motion largely re-urges arguments that have been previously rejected and does not identify an intervening change in the law, new evidence, or clear error that would warrant reconsideration. Accordingly, Plaintiff's Motion for Reconsideration is DENIED.

IT IS SO ORDERED this 27th day of September, 2024.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE