Special Report

Exhibit 2:

Affidavit of Kayla Williams,
Grievance Coordinator

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **ORIN KRISTICH,** | |
| **Plaintiff,** | |
| vs. | Case No. CIV-23-544-R |
| **FNU Casady, et al.,** | |
| **Defendants.** | |

| | |
|---|---|
| **State of Oklahoma** | ) |
| | ) ss: |
| **Payne County** | ) |

COMES NOW Kayla Williams, having been previously sworn, and stating as follows:

1.  I am the Grievance Coordinator for Cimmaron Correctional Facility, in Cushing, Oklahoma. I am employed by CoreCivic, Inc., (hereinafter "CoreCivic"). CoreCivic is a corporation with its principal offices located in Nashville, Tennessee. CoreCivic owns and operates the Cimarron Correctional Facility.

2.  CoreCivic is a private correctional contractor authorized to do business in the State of Oklahoma. CoreCivic owns and operates Cimarron Correctional Facility, Cushing, Payne County, Oklahoma. The City of Cushing, Payne County, Oklahoma, has contracted with CoreCivic, Inc., to provide detention services to federal inmates placed at the Cimarron facility pursuant to an Intergovernmental Service Agreement between the U.S. Marshals Service and the City of Cushing.

3.  The plaintiff in this action was in custody of the US Marshal Service during the complained of time-period.

1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

ORIN KRISTICH,

        Plaintiff,

vs.

Case No. CIV-23-544-R

CORECIVIC, et al.,

        Defendants.

## AFFIDAVIT

State of Oklahoma    )
                              ) ss:
Payne County        )

COMES NOW Kayla Williams, having been previously sworn, and stating as follows:

1. I am the Grievance Coordinator for Cimmaron Correctional Facility, in Cushing, Oklahoma. I am employed by CoreCivic, Inc., (hereinafter "CoreCivic"). CoreCivic is a corporation with its principal offices located in Nashville, Tennessee. CoreCivic owns and operates the Cimarron Correctional Facility.

2. CoreCivic is a private correctional contractor authorized to do business in the State of Oklahoma. CoreCivic owns and operates Cimarron Correctional Facility, Cushing, Payne County, Oklahoma. The City of Cushing, Payne County, Oklahoma, has contracted with CoreCivic, Inc., to provide detention services to federal inmates placed at the Cimarron facility pursuant to an Intergovernmental Service Agreement between the U.S. Marshals Service and the City of Cushing.

3. The plaintiff in this action was in custody of the US Marshal Service during the complained of time-period.

1

4. As part of the detention services contract, a Grievance Policy and Procedure was in place at Cimmaron. The Grievance Policy and Procedure provides a means for all detainees to address complaints they may have regarding facility operations and conditions.

5. The grievance process is outlined in Policy 14-100. The process directly follows the Federal Performance Based Detention Standards (FPBDS G.9.1). The grievance process is made available to all detainees and inmates and includes at least one level of appeal. Grievance forms are readily available to and accessible by detainees.

6. As stated in Policy 14-100(J), in order to exhaust administrative remedies, a detainee must first complete and submit a 14-100A informal resolution form to the appropriate staff member. All submitted 14-100As related to medical care and treatment must be submitted to the qualified health services staff within seven (7) days of the incident resulting in the grievance. The submission must be made through facility mail or deposited in the designated grievance mailboxes. According to Policy 14-100, a staff response is due within ten (10) days of submission. If the detainee is not satisfied with the response received, the detainee must complete and submit a formal Grievance form to the Grievance Coordinator. The grievance submission must have the 14-100(A) informal resolution form attached and the grievance must be submitted within five (5) calendar days of the staff response to the informal resolution.

7. Designated grievance mailboxes are located on the detainee housing units. The grievance boxes are locked and access to the boxes is restricted to those staff members designated by the Warden as capable of collecting submitted grievances. Or a detainee may send a grievance directly to me via the intra-facility mail system. If a sealed envelope is labeled "Grievance" and addressed to the Grievance Officer, it will not be opened for inspection by any

other staff member unless there is a reasonable suspicion that the sealed envelope contains contraband.

8. I have access to and have reviewed the grievance records and logs from December 25, 2021 (the date Plaintiff alleges he fell out of his bunk) though to the period following his departure from Cimarron Correctional Facility on January 13, 2022. There is no record of Plaintiff having submitted a Grievance during the period he was housed at Cimarron.

9. While confined at Cimarron, Plaintiff Kristich was not thwarted or hindered from exhausting administrative remedies. I have reviewed the housing assignment records. At Cimarron, Mr. Kristich was not housed in a restricted housing unit. However, even if he had been, grievance forms and the informal resolution forms are available on all housing units at Cimarron.

10. Staff on all housing units make rounds routinely through the housing units and the administrative remedies forms are readily available to detainees. The legal mail system at Cimarron works smoothly.

11. As I previously noted, my review of the Cimarron facility grievance records and logs shows that Plaintiff did not use the administrative remedies process while he was at Cimarron to complain about medical care between the date he alleges he fell out of his bunk and when he departed the facility.

12. After he left Cimarron, Plaintiff Kristich could have submitted a request asking that his Grievance be considered out of time. If he had done so, and had submitted proper support for his untimely filing, his request might have been granted. I have reviewed the Cimarron facility grievance records and logs, and Plaintiff did not submit a request asking that his Grievance be considered out of time.

13. Plaintiff Kristich did not exhaust administrative remedies as to his claims prior to bringing this action forward to the federal court.

Further Affiant Sayeth Not.

*Kayla Williams*
Kayla Williams

Subscribed and sworn to before me this 19 day of November 2024, by Kayla Williams, Grievance Coordinator.

*Lenita Gillespie*
NOTARY PUBLIC

My Commission expires: 11/23/24
My Commission number: 20014350

4