UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

Orin Kristich

v.

FNU Casady, et al.,

FILED
DEC 17 2024
JOAN KANE, CLERK
U.S. DIST. COURT WESTERN DIST. OKLA.
BY_____, DEPUTY

Case No. CVI-23-544-R
Affidavit and Motion For Rule 56(d)
Continuance; Pursuant To
Fed. R. Civ. P. Rule 56(d)

### LEGAL STANDARD/RULE 56 (d)

Mr. Kristich respectfully moves this Honorable Court Pursuant to Fed. R. Civ. P. Rule 56(d) that provides: "if" a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify opposition to Summary Judgment, the court may: (1) defer considering the motion or deny it (2) allow time to obtain affidavits or declarations or to take discovery or (3) issue any other appropriate order.

The policy behind this provision is a straightforward one. Summary Judgment should not be granted when Mr. Kristich has not had the opportunity to discover information that is essential to his opposition motion. (see Committee for the First Amendment v. Campbell, 962 F.2d 1517, 1521 (10th Cir 1992, and Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n.5, 106 S.Ct. 2505, 91 L. Ed. 2d 202 (1986). (Quoting Anderson v Liberty Lobby, Inc) " Summary Judgment should not be granted where the non-moving party has not had the opportunity to discover information that is essential to his opposition." Thus, Rule 56(d) provides an alternative procedure to a opposition motion on the merits, when the defendants summary judgment motion is so premature that it is unfair to require a response on the merits. (see Pasternak v. Lear Petroleum Exploration, Inc., 790 F.2d 828, 833 (10th Cir 1986). Discovery in the Courts is strongly favored, and generally denying

1

the right to have full discovery on all pertinent issues before summary judgment is granted would be an error; particularly in the face of a Rule 56(d) affidavit. (see Brown v. Chaffee, 612 F.2d 497, 504 (10th Cir 1979); Weir v. Anaconda Co., 773 F.2d 1073, 1081 (10th Cir 1985); and Bryant v. O'Connor, 848 F.2d 1064, 1068 (10th Cir 1988.)

To obtain relief from a premature and unfair summary judgment motion, Rule 56(d) requires that Mr. Kristich (a) file an affidavit or affidavits (b) set out in the affidavit the probable facts not currently available (c) Explain in the affidavit or in a motion why the opposing parties summary judgment motion should be dismissed or a continuance should be granted due to relevant facts being unavailable (d) explain why the facts sought are unavailable, thus making a timely response impossible; and state in the affidavit, how the desired time would enable the party opposing summary judgment to meet its burden. (see Kelly v. Marcantonio, 187 F. 3d 192, 203 (1st Cir. 1999).

The Defendant(s) Summary Judgment at this inopportune time is full of blatant falsehoods, the assertion that Mr. Kristich did not exhaust his available administrative remedies Pursuant to 42 U.S.C. §1997e(a).
Mr. Kristich can over come this blatant lie in form of the defendants affidavit of Kayla Williams with the following facts:
1. On 12/29/2021 Mr. Kristich filed a Sick Call Request (13-80A1) that is marked received by MHLPN that says "SEEN by provider 1/3/22. (Kristich has provided his Copy that is Copyrighted by CoreCivic) See Appendix A Exhibit A.
2. On 1-7-2022 Mr. Kristich filed a second Sick Call Request form (13-80A1) that was not given back marked, however Kristich has provided his Copy (See Appendix A Exhibit B).
3. Note that the record of the court document 79-1 page 2. (Inmate Housing

History Report shows that Mr. Kristich was taken to medical on the 29th from A/N/244/B that is the number marked on his sick call(s).

4. On 12/30/2021 Kristich filed an INFORMAL RESOLUTION form 14-5A p1. Further, he placed the names of D/O Overton, D/O Jauregei, Nurse Casady, Nurse Foster "are in violation (not the building) under the 8th Amend. of the U.S. Const, the PLRA, EQIA, the stripping doctrine.... the words Medical Emergency can be seen. The defendants never answered. (See Appendix A Exhibit D.)

5. On 1/1/2022 Mr. Kristich filed an INFORMAL RESOLUTION 14-5A p1 giving the defendants a mailing address and name of a trusted friend who they could reply to if kristich was moved. (See Appendix A Exhibit C).

6. On 1/13/2022 Mr. Kristich placed an Inmate/Resident Grievance into the instutions GRIEVANCE BOX on his way out the door due to transfer. Kristich notes on the form medical staff never responded to my informal resolition... Please send your responce to 3327 Kerfoot st #B EL paso T.X. Att Misty Legans 79904. (See Appendix A Exhibit E).

7. On 6/7/2022 Mr. Kristich filed a Tort Claim Certified Mail # 7021-2720-0003-2562-5561 With CCA/ Cimarron Correctional Facility (U.S.M.S.) sent to the Facilities address. The defendant(s) did not respond.

(Quoting Begay v. United States, 188 F. Supp. 3d 1047 10th Cir May 18 2016.)
" The Tenth Circuit recently observed:
[T]he FTCA has both an administrative-exhaustion requirement, set forth in 28 U.S.C. § 2675(a), and a statue of limitations, set forth in 28 U.S.C. §2401 (b). Combined, these provisions act as chronological bookends to an FTCA claim, marking both a date before which a claim may not be filed and a date after which any filing is untimely. Barnes v. United States, 776 F. 3d 1134, 1139 (10th Cir 2015) (Holmes, J.) Once a tort claim accrues against the government, 28 U.S.C. §2401 gives a claimant two years to present that claim in writing to the appropriate federal agency. See 28 U.S.C. §2401 (b) (explaining that claim is "forever-barred" unless presented within two years). After submission of a written claim, the agency usually has six months to

reach a final disposition on the claim, the claimant has six months to file suit in federal court. See 28 U.S.C. § 2401 (b).

If the agency fails to make a final disposition of the claim (2016 U.S. Dist LEXIS 78) within six months, the claimant may "deem" that failure a "final denial of the claim," and proceed with his or her suit under the FTCA 28 U.S.C. §2675 (a). In the Tenth Circuit, " (at least until there has been a final denial by the relevant agency) there is no limit on when a plaintiff may file a lawsuit predicated on a deemed denial." Barnes v. United States 776 F. 3d at 1140-41."

8. On 1/9/2023 Kristich filed a Tort claim with the South-Central Rigional Office in Grand Prairie T.X., Certified Mail # 7020-2450-0000-6742-4250. (See Appendix A Exhibit G & H; 1-5).

9. On 2/28/2024 Mr. Kristich received a Notice Of Tort Claim From The City Of Cushing Oklahoma; regarding Oklahoma Municipal Assurance Group (OMAG)- Municipal Liability Protection Plan that was then filed. ( See Kristich's Copy included in Appendix A Exhibit I & I-1).

10. Moreover, kristich has filed more than one Tort claim with-in the BOP for lack of Medical care, and treatment that is on-going to this time.

## MOTION FOR DISCOVERY/RULE 56(d)/GENUINE ISSUE
## SUMMARY JUDGMENT/PREMATURE/DISCOVER INFORMATION ESSENTIAL TO OPPOSITION

I, Orin Kristich, hereby Certify that the defendant(s) motion for Summary Judgment is Premature due to the fact that CCA/ Cimarrion Correctional Facility has not provided a reasonable opportunity for me to discover information essential to my opposition. (Quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n5, 106 S.Ct. 2505, 91 L. Ed. 2d 202 (1986)); see also WSB-TV v. Lee, 842 F. 2d 1266, 1269 (11th Cir 1988). "finding the "common denominator" of the Supreme Court's jurisprudence on summary judgment is "it" may only be decided upon an adequate record"). When asking whether to grant or deny a Rule 56 (d) motion for discovery the court is Required to balance the Petitioners demonstrated need for discovery against the burden such discovery will place on the opposing party.

I, Orin Kristich, further Certify that the following is in the possession of the defendant(s) and/or Kayla Williams or CCA/ Cimarrion Correctional Facility: and is needed to provide all the facts in opposition to Summary Judgment;

4

1. Video footage from security cameras possessed by CCA/Cimarron Correctional Ficility. Specifically, from Unit A/N/244/B on 1/13/2022 inbetween 12am and 6am. This discovery is essential for Kristich's opposition motion, as the footage will show Kristich came out of the cell, gave commissary to an inmate, and place the grievance into the instutitions GRIEVANCE BOX on his way out the door due to transfer. Further, This FACT is supported by Document 79-1 page 2 (Defendants Exhibit 1).
2. Video footage from Unit F/C/212A the room that Mr. Kristich was locked in due to Covid-19. Further, where Nurse Casady will be seen walking away from the door leaving Kristich in extream pain for around 30 hours. This discovery is essential for Kristich's opposition motion, and shows that his claims are supported by the record regarding (Defendants Exhibit 1) (please note that the Exhibit above says that Kristich had been moved to room F/C/208/A on 12/23/21. the footage will show this is not true he was moved after going to the hospital on the 26th the day after Christmass.)
3. Video footage from security cameras in Unit F/A/121/A that will show Kristich was not injured when he was a new arrival to CCA/Cimarron.
4. Video footage from medical on 12/29/21. This discovery is essential for Kristich's opposition motion.
5. Affidavits, testimony, statements, records, and/or logs made by D/O Overton regarding any involvement he had in the medical care and treatment or his witness of the lack of medical care and treatment, and/or abuse and neglect of Mr. Kristich while CCA had custody and control of Kristich.
   Specifically, any and all copies, descriptions by category and the location of the above documents. Further, electronically stored information and tangible things including writings, Unit logs, e-mails, and/ or notes regarding Nurse Casady and Foster and other persons working the night Kristich needed medical care and was locked in the cell.
6. Affidavits, testimony, statements, records, and/or logs made by D/O Jauregi regarding any involvement he had in the medical care and treatment or his witness of the lack of medical care and treatment, and/or abuse and neglect of Mr. Kristich while CCA had custody and control of Kristich.
   Specifically, any and all copies, descriptions by category and the location of the above documents. Further, electronically stored information and tangible things including writings, Unit logs, e-mails, and/or notes regarding Nurse Casady and Foster and other persons working the night Kristich needed medical care and was locked in the cell in Unit F/C.

This discovery is essential for Kristich's opposition motion.
7. Mr. Kristich requests affidavits from "unknown witnesses" and/or D/O's that were working in F.C. Unit at the above Facility.
   Specifically, the persons working on 12/25/21 & 12/26/21; that requested medical care for Mr. Kristich by-way of his raido-telegraphy for an emergency.
8. Medical records possessed by CCA/Cimarron Correctional Ficility
   Specifically, sick-calls, e-mails, notes, and requested after care and/or treatments regarding Mr. Kristich.
9. Affidavits from Warden Dickerson or the "unknown acting Warden" and the "unknown transport officers" who were with Mr. Kristich on his medical trip; including any logs or reports, notes, e-mails, and orders they were given. Further, who gave them the order, and the date and time Mr. Kristich was taken to the Hospital. (Please Note that the Medical trip is not loged in the defendants Exhibit 1.) This discovery is essential for Kristich's opposition motion.
10. Affidavits from "unknown" CCA medical staff and/or medical agents, employees, contractors, nurses, doctors, and their sub-contractors regarding any role they may have had in the medical care or treatment of Mr. Kristich.
   Specifically, (1) at the time of his injury (2) the time they were told of his injury (3) and after his trip to the two hospitals. This discovery is essential for Kristich's opposition motion.
11. Affidavit from Dr. Crane regarding the medical treatment and care of Mr. Kristich.
   Specifically, the time he was first told about Mr. Kristich's injury (2) when he first ordered the trip to the hospital for Mr. Kristich (3)what was ordered for after care when Mr. Kristich was transfered and medications that were sent with Kristich (4) his statement or request to the United States Marshals Services regarding a request for orthopedic specialist and/or possible surgery (5) the time-line in day's regarding that request and Mr. Kristich's transfer to the B.O.P..
This discovery is essential for Kristich's opposition motion.
12. Medical records possessed by Hill-Crest Hospital.
   Specifically, notes, e-mails, discharge and transfer records, requests for medical care and treatment regarding Mr. Kristich and his shoulder injury. This discovery is essential for Kristich's opposition motion.

13. Medical records possessed by the second "unknown Hospital" Mr. Kristich was transfered to for medical treatment.

Specifically, affidavits from the "unknown" nurses and doctors or other medical staff that treated Mr. Kristich. Further, notes, e-mails, discharge and transfer records, and ordered after care and medications including after care instructions regarding the injury.
This discovery is essential for Kristich's opposition motion.

14. Certified Mail logs possessed by U.S.P. Tucson Mail Room Staff.

Specifically, the June 2022 mail log regarding #7021-2720-0003-2562-5561.

Mr. Kristich respectfully requests that this court issue a Protective ORDER to safeguard the above discovery that is essential for Kristich's oppsition motion. ( Pursuant to Fed. R. Civ. P. 37 (e) (1)-(2) and (f).)

Further, Mr. Kristich would like to Note on the record that the defendants have acted in "BAD FAITH" pursuant to 28 U.S.C. § 1746.

EXHAUSTION UNDER THE PLRA/UNANAILABLE/FAILURE BY JAIL OFFICIALS

When prison/jail officials prevent, thwart, or hinder a persons efforts to avail himself the administrative remedy is unavailable. (Quoting Little v Jones, 607 F.3d 1245, 1249-50 (10th Cir 2010). The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title... by a prisoner... until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). "There is no question that exhaustion is mandatory under the PLRA and that unexhausete claims cannot be brought in court... The PLRA requires the exhaustion of only those administrative remedies "as are available" 42 U.S.C. §1997e(a); see also Ross v. Blake, 578 U.S. 632,643-44, 136 S. Ct 1850, 195 L. Ed. 2d 117 (2016. " [T]he faiure [by jail officials] to respond to a grievance within the time limits contained in [a jail's] grievance policy renders an administrative remedy <u>unavailable.</u>" Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir 2002).) ( See Jones v. Bock, 549 U.S. 199,211, 127 S. Ct. 910, 166 L. Ed. 2d. 798 (2007).) As Appendix A will show Mr. Kristich has made a strong effort to avail himself of the remedy

7

process pursuant to the PLRA. Wherefore, the administrative remedy was made <u>UNAVAILABLE</u> DUE TO lack of response.(Further quoting Little v. Jones, 607) "dismissal for failure to exhaust administrative remedies improper, administrative review body improperly prevented prisoner from completing grievance process."

GENUINE ISSUE/IMPREMISSIBLE AFFIDAVIT/PENALTY OF PERJURY
FED. R. EVID. R. 603, and 903

The Defendant(s) affidavit of Kayla Williams is clearly impremissible pursuant to the Fed. R. Evid. Rule 603, and 903. Further, the above persons affidavit does not meet the requirments of 28 U.S.C. § 1746. ( Rule 903 provides that the testimony of a subscribing witness is not necessary to authenticate a writing unless required by law of the jurisdiction, whose laws govern the validity of the writing/affidavit. The Rule applies to authentication by a subscribing witness, or person who at the request or with the consent of the maker places her name on the document for the purpose of making an implied or expressed statement that the document was then known by her to have been executed by the purported maker. This does not obviate the need to authenticate a document at all. (see Citibank South Dakota v. Dougherty (In re; Dougherty), 84 B.R. 653, 655 (9th Cir. BAP 1988)

Rule 901 makes authentication a condition precedent to admissibility that can only be "Satisfied by evidence sufficient to support a finding of fact".

A municipality's failure to properly train its officers is policy under City of Canton v. Harris , 489 U.s.378, 390 (1989); and Board of County Com'rs of Bryan County, Okl v. Brown, 520 U.S. 397, 403-404, 117 S. Ct 1382 ,137 L. Ed. 2d 626 (1986). Mr. Kristich knows that the person Kayla Williams must know that her statement to this court was made under penalty of perjury.

Wherefore, the Genuine Issue in this case is clear. The defendant(s)

have shown this court that they just do not respect the right's of persons, the Law, or this Court. Mr. Kristich would not be filing this case if CCA/Cimarrion Correctional Ficility whould have properly trained its staff.

REGARDING THE DEFENDANTS STATEMENT OF UNCONTROVERTED FACTS

Ground 1 is Moot.

Ground 3 is frivolous.

Ground 4 is frivolous.

Ground 5 is frivolous, and Moot.

Ground 6 is frivolous.

Ground 7 is frivolous.

Ground 8 is Fraud on the court, and injury by fellow servant.

Ground 9 is frivolous. ( Kristich was in S.H.U. in the B.O.P).

Ground 10 is Fraud on the court.

Ground 11 is frivolous.

Wherefore, the defendants motion for Summary Judgment should not be granted. Further, discovery is essential at this "premature" time.

REQUESTED RELIEF:

1. That this Court DENY the defendant(s) motion for Summary Judgment.

2. That this Court Defer considering the defendant(s) motion for Summary Judgment, and allow Mr. Kristich time to obtain affidavits or declarations.

3. That this Court issue an appropriate Discovery Order.

4. That this Court issue a Protective Order regarding the Discovery Order.

5. That this Court issue any other appropriate Order that Justice requires.

[FootNote] The defendants in this case have shown that every time Kristich was taken out of his cell they should have recored the movement of his person. However, the record is clearly Tainted as it does not show Kristich's medical trip. Further, the Hospital records are essential discovery.[Kristich has also send an exhibit J that are part of his B.O.P. Medical records.] Mr.Oglesby's special report is frivolous in it(s) entirety.
  Moreover, did send a letter to the above Facility's Warden on 1/25/2022. Wherefore, the defendants had Notice that Mr. Kristich was waiting for a response to his administrative remedies.

CERTIFICATE OF SERVICE

I, Orin Kristich, hereby Certify under penalty of perjury pursuant to 28 U.S.C. §1746, that the above is true and correct. Further, I Certify that I placed a true copy of this Affidavit and Motion For Rule 56(d) Continuance into the institutions internal mailing system with postage pre-paid by me, thus, invoking the "mailbox rule" of Houston v. Lack, 487 U.S. 266, 273-76 (1988). Thus, making this document filed with the court on the date below.

I, Further Certify that a copy was sent by regular U.S. Mail to Darrell L. Moore, OBA 6332 at P.O.Box 368 pryor, O.K. 74362.

Orin kristich#99811-051
Name

*[signature: Orin K____]*
Signature

12/13/2024
Date

U.C.C. 1-308
With-out Prejudice

10