UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ORIN KRISTICH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-23-544-R |
| | ) |
| FNU Casady, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff Orin Kristich, proceeding *pro se* and *in forma pauperis*, initiated this action alleging that his constitutional rights were violated during his incarceration. This order disposes of several motions that are currently pending before the Court.

Plaintiff's "Request for an Extension" [Doc. No. 144] is granted. In this filing, Plaintiff indicates that he is going to be transferred to a residential reentry center in mid-October and requests a 30-day extension of unexpired deadlines. Upon consideration, the Court grants the request and all unexpired deadlines are extended by 30 days.[1] This ruling does not impact the settlement conference that remains scheduled for November 6, 2025.

Plaintiff's Motion Requesting Leave to Depose Witnesses by Remote Means [Doc. No. 118] is granted in part. Defendants have indicated [Doc. No. 136] that they do not object to depositions being conducted by remote means. *See* Fed. R. Civ. P. 30(b)(4) (providing that the parties may stipulate that a deposition be taken by remote means).

---

[1] Plaintiff's prior Motion for Extension of Time [Doc. No. 131] is denied as moot.

1

However, to the extent Plaintiff seeks to depose more than ten witnesses, the request is denied without prejudice to resubmission because Plaintiff has not sufficiently explained why the proposed witnesses are relevant to the claims or defenses, proportional to the needs of the case, and not unreasonably cumulative. *See* Fed. R. Civ. P. 26(b)(1), 26(b)(2)(C), 30(a)(2).

Plaintiff's "Request Regarding Filing Under Seal" [Doc. No. 125] seeking an emergency pretrial conference and his immediate discharge from custody is denied as a request for immediate release is generally not cognizable in a § 1983 action. *See Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005). To the extent Plaintiff requests that he be confined at the Federal Transfer Center, the request appears to be moot given Plaintiff's representation that he is scheduled to be transferred to a residential reentry center. Beyond this, the Court cannot discern precisely what Plaintiff is requesting in this motion.

Plaintiff's "Motion for Relief Pursuant to FRCP 60(b)(1), (3) & (6)" [Doc. No. 126] seeking relief from the orders entered on August 14, 2024 and September 3, 2024 is denied. This motion largely re-urges arguments that have been previously addressed and does not present any persuasive argument that would warrant reconsideration of the Court's prior orders.

Plaintiff's "Emergency Motion for Court Order Nunc Pro Tunc or Similar Measure to End or Reduce Kristich's 'Unconstitutional or unlawful' Term of Imprisonment" [Doc. No. 127, 128] is denied. Liberally construed, this filing may be seeking leave to file an amended complaint containing additional allegations. However, Plaintiff has not adequately explained why permitting him to amend his pleadings at this late stage would

2

be warranted under Rule 15. *See Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

Plaintiff's Motion for Subpoena Duces Tecum [Doc. No. 135] is denied without prejudice to resubmission if appropriate. Although a civil litigant may subpoena documents from a third party pursuant to Fed. R. Civ. P. 45, to do so he must comply with the Federal Rules of Civil Procedure. Plaintiff's request includes categories of documents that appear over broad on their face (for example, Plaintiff's request for the "internet history" and "browser caches" of certain prison employees) and he has not explained why the documents he seeks are relevant and proportional to the needs of this case. *See* Fed.R.Civ.P. 26(b)(1); *Davis v. GEO Grp. Corr., Inc.*, No. CIV-16-462-PRW, 2020 WL 13917526, at *3 (W.D. Okla. Oct. 13, 2020); *Rueb v. Zavaras*, 2010 WL 1005136, at *2 (D. Colo. Mar. 17, 2010).

Plaintiff's "Second Motion Requesting Joinder of Parties Pursuant to Federal Rules of Civil Procedure 19 and 20" [Doc. No. 137] seeks to add Wellpath Holdings and numerous other parties to this action. This filing does not provide a coherent argument as to why any of these parties is a required party nor does it satisfy the standard for amending the pleadings to add a party. The motion is therefore denied.[2]

Last, Plaintiff's Motion for Protective Order [Doc. No. 145] is denied. Liberally construed, this motion appears to be seeking an order compelling Defendants to produce

---

[2] Plaintiff's Motion to Strike [Doc. No. 143] Defendants' response in opposition to this motion is denied. *See* LCvR7.1(g) (permitting opposing party to file a response to a motion).

video footage from the facility. In their response to this motion, Defendants represent that there is no video footage for the time period Plaintiff seeks. Accordingly, Plaintiff's motion is denied.

As previously noted, the parties are scheduled to participate in a judicial settlement conference on November 6, 2025. The Court encourages the parties to make all reasonable efforts to resolve this matter. The Court further reminds Plaintiff that all litigants must comply with the Federal Rules of Civil Procedure and this Court's Local Rules and that unnecessary or excessive filings may be stricken from the docket.[3]

IT IS SO ORDERED this 10th day of October 2025.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[3] Additionally, Plaintiff is advised that "[l]eave of court is required to file a document or a portion of a document under seal, which shall be requested by filing a motion and submitting a proposed order granting the relief. The motion requesting leave should not ordinarily be filed under seal and therefore should state only in a general way the reason for the request." Local Civil Rule 5.2.2. To the extent Plaintiff wishes for any of his prior filings to be sealed, he should file an appropriate motion setting out that request.

4