UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ORIN KRISTICH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-23-544-R |
| | ) |
| FNU Casady, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is Plaintiff's pro so "Motion to Compel Corporate Disclosure Statements Pursuant to FRCP 26(a)(1)." To the extent the motion is premised on Rule 7.1(a)(2)'s requirement that a party in a diversity action file a disclosure statement, the motion is denied because this action invokes federal question jurisdiction. To the extent the motion is premised on Rule 26's requirement that a party must provide certain initial disclosures, the motion is denied because it fails to explain why the information sought is within the scope of discovery.

Also before the Court is Plaintiff's Second Motion for Subpoena Duces Tecum. The Court previously denied without prejudice Plaintiff's request to issue a subpoena duces tecum because many of the requests were overly broad on their face. Plaintiff's second motion suffers from the same problem.

The Court recognizes that a civil litigant may subpoena documents from a non- party pursuant to Fed. R. Civ. P. 45. However, the Court also "has the inherent authority to review subpoena requests by an unrepresented party proceeding in forma pauperis before

1

issuing the subpoenas." *Stockton v. Wetzel*, et al., No. 3:19-CV-02228, 2025 WL 3126901, at *1 (M.D. Pa. Oct. 6, 2025).[1] *See also Postelmans v. Celander,* No. 1:18-CV-214, 2025 WL 3003141, at *2 (D.N.D. Oct. 27, 2025); *Richardson v. Ricard*, No. CIVA09CV01609REBMEH, 2010 WL 1957215, at *2 (D. Colo. May 13, 2010).

Plaintiff's motion seeks documents from two non-party entities. However, as previously noted, some of the categories of documents appear overly broad on their face. For example, it is not apparent that requests seeking the "internet history" and "browser caches" of any person, requests seeking phone or electronic message records without reference to whether they are related to the incident underlying this case, or requests seeking information related to non-defendant employees are within the scope of discovery. Further, Defendants have indicated that, for some of the requested categories of information, documents have already been produced or there are no responsive documents still in existence. *See* Doc. No. 148 (explaining that surveillance video is not available); Doc. No. 141 (explaining that facility medical records and other reports have been produced); Doc. No. 134 (attaching various medical records to Plaintiff's exhibit list).

Accordingly, Plaintiff's Motion for Subpoena Duces Tecum is denied without prejudice. If Plaintiff re-urges his motion, he should ensure that his document requests are narrowly tailored to matter that is relevant to the claims or defenses in this case and not duplicative of information that has already been produced. Plaintiff should also explain

---

[1] Plaintiff was previously granted permission to proceed in forma pauperis. *See* Doc. No. 10.

why the documents requested are relevant or reasonably calculated to lead to the discovery of admissible evidence and demonstrate that he has made arrangements for the payment of any costs associated with the preparation or copying of the requested documents. *See Richardson,* 2010 WL 1957215, at *3.

IT IS SO ORDERED this 17th day of November, 2025.

*[signature: David L. Russell]*

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE